CATHERINE SHAW et al.

v.

E. HANSON CAMP.

*Filed at Springfield March 30, 1896.*

° 1. BILLS AND NOTES—*words "after my death date I promise to pay"* *construed.* A written instrument in the form of a promissory note, commencing, "After my death date I promise to pay," etc., becomes due at once after the death of the maker, and is a good promissory note.

2. SAME—*delivery of note to payee's agent—when sufficient.* The unconditional delivery of a note to a third person who holds possession, as the payee's agent, until after the death of the maker, is a good delivery, where the maker thereby loses control of the note.

3. SAME—*note intended as a gift is not enforcible.* A promissory note intended as a gift is a mere promise to make a gift in the future, and is not enforcible.

4. INSTRUCTIONS—*when an improper modification is immaterial.* The improper modification of an instruction stating a correct rule of law is immaterial, where the evidence is not sufficient to support a finding of the fact upon which the rule is based.

5. TRIAL—*when proper to recall jury and give additional instruction.* It is not improper practice for the court to call the jury before the bar after they have retired and remained out some time, and give them an additional instruction, when equal opportunity is afforded each party to submit further instructions.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Piatt county; the Hon. EDWARD P. VAIL, Judge, presiding.

S. R. REED, I. A. BUCKINGHAM, and LODGE & HICKS, for appellants:

A negotiable bill of exchange or promissory note must be payable at a time certain. 1 Randolph on Com. Paper, sec. 109.

A note may be payable on the death of a certain person, or "on demand after my decease," or "one day after date or at my death." It will, however, be unavailing as

a note if delivery is postponed until then. 1 Randolph on Com. Paper, sec. 113; Tiedeman on Com. Paper, sec. 25.

As delivery constitutes part of the complete execution of a note, it follows that no delivery can be made after the death of the maker, by his executor. 1 Randolph on Com. Paper, sec. 221; *Clark* v. *Sigourney*, 17 Conn. 511; *Bromage* v. *Loyd*, 9 Exch. 32; *Gough* v. *Findon*, 7 Exch. 48; *Clark* v. *Boyd*, 2 Ohio, 35.

Nor can it be delivered by the maker's agent after death, as death revokes agency. Mechem on Agency, secs. 239, 240; *Turnan* v. *Temke*, 84 Ill. 286.

While a note remains in the maker's hands, or in the hands of his agent, to whom it has been given for the purpose of delivery, it is still undelivered and incomplete. 1 Randolph on Com. Paper, sec. 222; Tiedeman on Com. Paper, sec. 34a; *Brind* v. *Hampshire*, 1 M. & W. 365; *King* v. *Lambton*, 5 Price, 428; *Devries* v. *Shumate*, 53 Md. 216; 1 Parsons on Notes and Bills, 48, 50; *Barrows* v. *Barrows*, 138 Ill. 654; *Hayes* v. *Boylan*, 141 id. 505; Daniel on Neg. Inst. sec. 63.

No delivery of a note or deed can be complete without the acceptance of the payee or grantee. Tiedeman on Com. Paper, 34a; *Reynolds* v. *Moshier*, 24 Ill. App. 474; *Herbert* v. *Herbert*, Breese, 360; *Maynard* v. *Maynard*, 10 Mass. 457; *Hulick* v. *Scovill*, 4 Gilm. 159; *Bryan* v. *Wash*, 2 id. 564; *Curtis* v. *Gorman*, 19 Ill. 146; *Insurance Co.* v. *Campbell*, 95 id. 280; *Kinne* v. *Ford*, 52 Barb. 194.

A note executed and intended as a mere gift cannot form the ground of recovery in an action at law, and is revocable until paid. *Richardson* v. *Richardson*, 148 Ill. 572; *Williams* v. *Forbes*, 114 id. 171.

NORMAN H. CAMP, for appellee:

A note or bill payable at a certain time after the death of a person, whether it be the maker, payee or drawee, would be negotiable, for the person would be sure to die, and hence the payment is not conditional. 1 Daniel on

Neg. Inst. sec. 46, p. 54; Tiedeman on Com. Paper, p. 56, sec. 25; 1 Parsons on Bills and Notes, 40; *Cooke* v. *Colehan*, 11 Strange, 1217; *Coleman* v. *Cooke*, Willes, 393; Story on Bills and Notes, (6th ed.) sec. 27, p. 31; *Raffey* v. *Greenwell*, 10 A. & E. 222; *Mortee* v. *Edwards*, 20 La. Ann. 236; 2 Am. & Eng. Ency. of Law, 326, 327.

Whenever no time is specified on the face of the instrument, it is presumed to be payable on demand. Tiedeman on Com. Paper, secs. 24, 25*c*.

Where a note does not specify any day or time of payment, it is by law deemed payable on demand, and therefore is construed as if it contained the words "payable on demand" on its face. Story on Promissory Notes, sec. 29; *Porter* v. *Porter*, 51 Me. 376; *Green* v. *Grebilbis*, 8 Johns. 189; *Archer* v. *Claflin*, 31 Ill. 306; *White* v. *Smith*, 77 id. 351.

The note imports a consideration. *Bristol* v. *Warner*, 19 Conn. 7; *Carnwright* v. *Gray*, 127 N. Y. 92; *Dean* v. *Carruth*, 108 Mass. 242.

If delivery is made to another for the payee, without condition, his acceptance of it may be presumed, and the delivery will be complete. *Gordon* v. *Adams*, 127 Ill. 223; *Thompson* v. *Candor*, 60 id. 244; *Bodley* v. *Higgins*, 73 id. 375; *Walker* v. *Walker*, 42 id. 311; Parsons on Bills and Notes, p. 49; Byles on Bills, (6th ed.) p. 235; Tiedeman on Com. Paper, secs. 34, 34*a;* *Masterson* v. *Cheek*, 23 Ill. 76; *Wiley* v. *Stewart*, 23 Ill. App. 236; *Elliott* v. *Deason*, 64 Ga. 63.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee filed a claim in the county court of Piatt county, against the estate of Edward Swaney, deceased, and the claim was rejected. In the circuit court, on appeal, there was a trial by a jury and a verdict for the claimant for $852.50, upon which judgment was entered. The judgment was affirmed by the Appellate Court and a certificate of importance granted, under which the case is brought to this court.

On the trial the claimant offered in evidence the instrument upon which his claim was founded, together with proof of the signature of the deceased. The instrument was as follows: .

"$750.00.                    BEMENT, ILL., *Dec. 27, 1890.*

"After my death date I promise to pay E. Hanson Camp, or order, the sum of $750, without interest at ......per cent per annum from date, value received."

Following the above there was a power of attorney, in the usual form, to confess judgment, and the signature of Edward Swaney. To the introduction of this instrument objection was made and overruled, and it is insisted that the ruling was wrong, for the reason that the instrument was not a promissory note. It is conceded that a promissory note may be made payable on the death of a certain person, or at a fixed time thereafter, or on demand after such death; but it is claimed that this instrument was not payable at a time fixed, and that the words "after my death date" should be construed to mean some uncertain time after that event. We do not regard the instrument as subject to the objection made. It did not become due until the death of the maker, which was an event certain to occur, but by its terms it became due at once after the occurrence of that event. There is nothing in the language to indicate that the money was to be paid at some uncertain time after the maker's death. The objection was properly overruled.

It is next argued that there was no evidence to prove a delivery. It was proved that the maker of the note handed it to William M. Camp with directions to deliver it to the payee, who was then somewhere in the northwest, traveling for a coal company. William M. Camp was a banker and a brother of the payee, and had in his possession other papers of the payee for safe keeping during his absence. These papers were kept in a private envelope of the payee, in a safety-box in the bank.

William M. Camp had the key to the safety-box, and the note remained there, with the other papers of the claimant, until his return, after the death of the maker. The note was delivered without condition, and after it was placed in the envelope it was held by William M. Camp as the agent of the claimant. Such a delivery, by which the maker lost all control of the note and William M. Camp held possession as agent for the payee in like manner as he held the other papers of such payee, was sufficient. *Thompson* v. *Candor*, 60 Ill. 244; *Gordon* v. *Adams*, 127 id. 223.

It is next contended that the evidence showed that the note was intended as a gift, and that the court improperly modified an instruction stating that if the evidence showed that it was given or intended as a gift or legacy by the deceased to the claimant there would be no consideration for the promise, by adding thereto the following: "Unless you should believe it was intended to take effect as a gift at once and in the lifetime of deceased, but not to be paid until after the death of the maker." The modification was wrong, since a promissory note intended as a gift is a mere promise to make a gift in the future, which is not enforcible. (*Williams* v. *Forbes*, 114 Ill. 167; *Richardson* v. *Richardson*, 148 id. 563.) But there was practically no evidence upon which to base the instruction as asked. A witness, who was an attorney, testified that he had a hazy recollection that he had a conversation with somebody who spoke of providing or giving or letting the claimant have something, and whether it could be done best by will or by a note; but he did not know anything about what the conversation was or what was said about it, and did not know whether the talk was with the deceased or with John M. Camp, and could not state the time or place of the conversation. This was the only evidence tending in any degree to impeach the consideration of the note, and it was so unsubstantial that if competent it would be wholly insufficient for such

purpose. The instruction as asked should have been refused, but as the jury could not find, from the evidence, the fact upon which the rule stated was based, it was immaterial that the rule was changed by the modification.

There was no error in the modification or refusal of other instructions asked by defendants.

After the jury had retired and remained out some time they requested the court to give them further instructions, and an instruction was given in compliance with such request. It is claimed that the court had no power to call the jury before the bar and give this further instruction. Such a practice is not improper, where, as in this case, equal opportunity is given to each party to submit further instructions. *Lee* v. *Quirk,* 20 Ill. 392.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*