## C. V. McClenathan, Appellee, v. Emmons Davis et al., Appellants.

NEGOTIABLE INSTRUMENTS—*what within definition of.* A note payable at a specific time after the death of a life tenant is a negotiable instrument within the legal definition of the term.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term; 1908. Affirmed. Opinion filed May 28, 1909.

Walter V. Dysert and Ray & Dobbins, for appellant, Emmons Davis.

Acton & Acton, for appellee.

Mr. Justice Ramsay delivered the opinion of the court.

Appellee brought suit in assumpsit in the Circuit Court of Vermilion county against appellants. There was a verdict in favor of appellee in the sum of $1,567.77, upon which the court rendered judgment and this appeal followed.

It appears from the evidence that on the 21st day of September, 1893, one H. V. Davis, the father of appellant, Emmons Davis, and Elizabeth Gamble, made a warranty deed for the expressed consideration of $100 to said Emmons Davis, for a tract of land of 115 acres in Champaign county, Illinois; that by the making of said deed to said Emmons Davis and of certain other deeds to brothers of said Emmons, the said H. V. Davis conveyed and deeded to the said brothers all of his property and real estate, reserving to himself a life estate in the lands conveyed, without having in any way conveyed to said Elizabeth any real estate and without having given to her any personal or other estate. It further appeared from the evidence that while matters were in this condition said Elizabeth Gamble had a conference with said Emmons in which she claimed to him that the deeding of all the father's property to her brothers was a fraud upon her rights and that she intended to proceed in court to have the conveyances set aside unless some settlement could be made between them; that thereupon it was agreed between said Emmons Davis and said Elizabeth that said Emmons would give her his note for $1,500 and would induce each of his brothers to do the same; that in pursuance of such arrangement said Emmons Davis made and delivered to said Elizabeth his promise in writing in the words and figures following, to-wit:

"For value received, I promise to pay Elizabeth Gamble, or order, the sum of Fifteen hundred dollars, in twelve months after I shall become the legal owner of one hundred and fifteen acres of land conveyed to me by my father, H. V. Davis, reserving to him, H. V. Davis, a life estate in said land, by which at his death, I am to become possessed of and the owner in fee of said one hundred and fifteen acres situated in the southeast corner of section thirty, in township eighteen north, range eleven, east of the 3rd P. M., Champaign Co., Ill.

(Signed)    EMMONS DAVIS."

March 6th, 1894.

Witness THOS. J. SMITH."

It further appears from the evidence that said H. V. Davis died on the 3rd day of July, 1906, and that on the 5th day of June, 1907, and before the expiration of twelve months after the death of said H. V. Davis, appellee for a valuable consideration purchased the said instrument in writing from said Elizabeth Gamble, who duly endorsed said instrument and guaranteed payment thereof.

Counsel for appellant in their argument say that the vital question in the case is this: Is the instrument sued upon a negotiable promissory note payable at all events, or does its payment depend upon a contingency or event which may never happen, in which latter event it would be a mere contract and not negotiable.

It is true that all other questions in the case depend upon the solution of this one, and that disposition of that question is decisive of the entire controversy.

Appellant contends that the condition expressed in the writing upon which the promise of payment depends is "a question of law and fact as to whether H. V. Davis then had good title to said premises, also whether the supposed conveyance to Emmons Davis was sufficient to carry the fee simple title." This seems to us to be a strained construction of the language employed and not to express the true meaning of the instrument. The promise upon the part of the

maker was, in legal effect, to pay Gamble in twelve months after the death of the father, the sum of $1,500. The land involved had already been conveyed to Emmons by his father as expressed in the writing, while so in the writing Emmons states that by the death of his father he becomes possessed of and the owner in fee of the premises conveyed.

Here is the distinct and positive statement by Emmons that upon the death of his father his estate in the lands conveyed becomes absolute, i. e. he becomes the owner in fee. The promise then is to pay twelve months after the expiration of H. V. Davis's life estate in the lands, which of course ends and terminates upon the death of said H. V. Davis.

We therefore hold that the promise to pay did not depend upon a contingency that was uncertain and was not one that might never take place, but upon the contrary depended upon the happening of an event that must inevitably take place.

A note payable at a certain time after the death of a person would be a negotiable instrument for the person would be sure to die and hence the payment is not conditional. Shaw v. Camp, 160 Ill. 425; Beatty v. College, 177 Ill. 280.

The judgment was right and is affirmed.

*Affirmed.*