### KOBRE v. POTRUCH et al.

(Supreme Court, Appellate Division, Second Department. June 29, 1910.)

BILLS AND NOTES (§ 445*)—RIGHT OF ACTION.

　　Where a nonnegotiable note to plaintiff was indorsed by S., with the understanding that it should not be payable until a building loan then being negotiated had been closed, plaintiff could not sue S. on the note while the loan, though placed, was not closed because defects in the title had not been cleared.

　　[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 445.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Israel E. Kobre against Aaron Potruch and others. From a judgment dismissing the action as premature, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

Kramer, Cohn & Meyer, for appellant.
Samuel Chugerman, for respondent.

WOODWARD, J. There is merely a question of fact involved here, and the evidence supports the judgment. It appears that Aaron Potruch in November, 1907, owed the plaintiff about $2,400 on some

---

work which the plaintiff was doing upon Potruch's premises in the construction of a building; that Potruch made his promissory note for $500 on demand, and delivered the same to the plaintiff; that prior to such delivery the defendant Stone indorsed said note, which was, by its terms, nonnegotiable, but that at the time of making such indorsement the defendant Stone entered into an agreement in writing with the plaintiff, in which it was stipulated that the note should not become due and payable until a certain building loan upon the premises mentioned in said agreement should be actually closed. There is no dispute upon this point, except that the plaintiff claims that the agreement provided that the note might become due and payable upon the loan being placed, while the defendant Stone contends that the agreement was that the same should not be due and payable until the loan was closed. The evidence clearly establishes that the loan had never been closed, owing to defects in the title, although it had been placed subject to the title being cleared. The written contract or agreement was not put in evidence by either party, but no objection appears to have been made to the oral evidence upon this point, and the learned trial judge has found that the defendant Stone contracted only as a surety, conditioned upon the loan being closed, and that the condition has not yet been fulfilled. In this we are of the opinion that the court did not err. The object of the transaction appears to have been to guarantee the plaintiff that he should be paid for his work out of the proceeds of the building loan, and the defendant Stone indorsed the note upon this condition, and he has a right to stand upon his contract. The fact that the note was made nonnegotiable indicates clearly that the indorsement was not intended to be general, but special, and the plaintiff having failed to show that the condition on which the note was to become due and payable has been fulfilled, he is not entitled to any relief in this action. When the loan has been completed he will be in a position to demand the payment of this note in accord with the provisions of the written agreement, whatever those may be; but at present he has no cause of action against the defendant Stone.

The judgment appealed from should be affirmed, with costs. All concur.