CHARLES N. DOUGHERTY, an Infant, by SUSAN M.
TEVES, His Guardian ad Litem, Respondent, *v.* EMMA
L. SALT, as Executrix of HELLENA M. DOUGHERTY,
Deceased, Appellant.

**Promissory notes — decedent's estate — evidence — the
words " value received " must give way to evidence that there
was no consideration — erroneous direction of nonsuit — error
to exclude evidence offered under general denial that decedent's
signature was forged.**

1. Where it appeared by the evidence produced for the plaintiff
that a decedent made and gave the note in suit as a voluntary gift
without consideration, the formula of the printed blank which con-
tained the words " value received " becomes, in the light of the
conceded facts, a mere erroneous conclusion which cannot overcome
the conclusion of the law. (Neg. Inst. Law, § 54; Cons. L. ch. 38.)

2. Where the trial judge did not reserve his ruling on defendant's
motion for a nonsuit or for the direction of a verdict, but denied
the motion absolutely, it was error in setting aside a verdict for the
plaintiff as contrary to law, to dismiss the complaint. A new trial
should have been granted. (Code Civ. Pro. §§ 1185, 1187.)

3. Where in such an action the defendant denied the execution of the
note by decedent, it was error for the trial court to exclude evidence
offered under a general denial, to show that the signature to the note
was forged.

*Dougherty* v. *Salt*, 184 App. Div. 910, reversed.

(Submitted October 21, 1919; decided November 18, 1919.)

APPEAL from a judgment entered June 20, 1918, upon an
order of the Appellate Division of the Supreme Court in
the second judicial department, which reversed a judgment
in favor of defendant entered upon an order of the court
at a Trial Term setting aside a verdict in favor of plaintiff
and directing a dismissal of the complaint and reinstated
said verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Abraham Levitt* and *Charles Oechler* for appellant.
The plaintiff's own witnesses having shown by their testi-

mony that the note was given without consideration except that of love and affection, it follows that no action will lie to enforce it. (*Kramer* v. *Kramer,* 181 N. Y. 477; *Blanshaw* v. *Russell,* 52 N. Y. Supp. 963; 161 N. Y. 629; *Harris* v. *Clark,* 3 N. Y. 93; *Holmes* v. *Roper,* 141 N. Y. 66.)

*Walter B. Raymond* and *Victor C. Cormier* for respondent. The verdict of the jury on the evidence was proper and in accordance with the law. (L. 1897, ch. 615, § 50; *Bringman* v. *Von Glahn,* 71 App. Div. 537; *Hegeman* v. *Moon,* 131 N. Y. 462; *Durland* v. *Durland,* 153 N. Y. 67; *Carnwright* v. *Gray,* 127 N. Y. 92; *Strickland* v. *Henry,* 175 N. Y. 372; *Hickok* v. *Bunting,* 67 App. Div. 560; *McCormack* v. *Williams,* 88 N. J. L. 170.)

CARDOZO, J. The plaintiff, a boy of eight years, received from his aunt, the defendant's testatrix, a promissory note for $3,000 payable at her death or before. Use was made of a printed form, which contains the words " value received." How the note came to be given, was explained by the boy's guardian, who was a witness for his ward. The aunt was visiting her nephew. " When she saw Charley coming in, she said ' Isn't he a nice boy?' I answered her, yes, that he is getting along very nice, and getting along nice in school, and I showed where he had progressed in school, having good reports, and so forth, and she told me that she was going to take care of that child, that she loved him very much. I said, ' I know you do, Tillie, but your taking care of the child will be done probably like your brother and sister done, take it out in talk.' She said: ' I don't intend to take it out in talk, I would like to take care of him now.' I said, ' Well, that is up to you.' She said, ' Why can't I make out a note to him?' I said, ' You can, if you wish to.' She said, ' Would that be right?' And I said, ' I do not know, but I guess it would; I do not know why it would not.' And she said, ' Well, will

you make out a note for me?' I said, ' Yes, if you wish
me to,' and she said, ' Well, I wish you would.' '' A
blank was then produced, filled out, and signed. The
aunt handed the note to her nephew with these words,
'' You have always done for me, and I have signed this
note for you. Now, do not lose it. Some day it will be
valuable.''

The trial judge submitted to the jury the question
whether there was any consideration for the promised
payment. Afterwards, he set aside the verdict in favor
of the plaintiff, and dismissed the complaint. The
Appellate Division, by a divided court, reversed the judg-
ment of dismissal, and reinstated the verdict on the ground
that the note was sufficient evidence of consideration.

We reach a different conclusion. The inference of
consideration to be drawn from the form of the note
has been so overcome and rebutted as to leave no question
for a jury. This is not a case where witnesses summoned
by the defendant and friendly to the defendant's cause,
supply the testimony in disproof of value (*Strickland* v.
*Henry*, 175 N. Y. 372). This is a case where the testi-
mony in disproof of value comes from the plaintiff's
own witness, speaking at the plaintiff's instance. The
transaction thus revealed admits of one interpretation,
and one only. The note was the voluntary and unen-
forcible promise of an executory gift (*Harris* v. *Clark*, 3
N. Y. 93; *Holmes* v. *Roper*, 141 N. Y. 64, 66). This child
of eight was not a creditor, nor dealt with as one. The
aunt was not paying a debt. She was conferring a bounty
(*Fink* v. *Cox*, 18 Johns. 145). The promise was neither
offered nor accepted with any other purpose. '' Nothing
is consideration that is not regarded as such by both
parties '' (*Philpot* v. *Gruninger*, 14 Wall. 570, 577; *Fire
Ins. Assn.* v. *Wickham*, 141 U. S. 564, 579; *Wisconsin
& M. Ry. Co.* v. *Powers*, 191 U. S. 379, 386; *DeCicco* v.
*Schweizer*, 221 N. Y. 431, 438). A note so given is not
made for '' value received,'' however its maker may have

labeled it. The formula of the printed blank becomes, in the light of the conceded facts, a mere erroneous conclusion, which cannot overcome the inconsistent conclusion of the law (*Blanshan* v. *Russell*, 32 App. Div. 103; affd., on opinion below, 161 N. Y. 629; *Kramer* v. *Kramer*, 181 N. Y. 477; *Bruyn* v. *Russell*, 52 Hun, 17). The plaintiff, through his own witness, has explained the genesis of the promise, and consideration has been disproved (Neg. Instr. Law, sec. 54; Consol. Laws, chap. 43).

We hold, therefore, that the verdict of the jury was contrary to law, and that the trial judge was right in setting it aside. He went too far, however, in dismissing the complaint. He might have dismissed it if he had reserved his ruling on the defendant's motion for a nonsuit or for the direction of a verdict (Code Civ. Pro. secs. 1185, 1187). Instead of reserving his ruling, he denied the motion absolutely. Upon the return of the verdict, he should have granted a new trial.

A new trial was also necessary because of error in rejecting evidence. The defendant attempted to prove that the signature to the note was forged. The court refused to hear the evidence, because forgery had not been pleaded as a defense. The answer did deny the execution of the note. The evidence of forgery was admissible under the denial (*Schwarz* v. *Oppold*, 74 N. Y. 307; *Farmers' L. & T. Co.* v. *Siefke*, 144 N. Y. 354).

The judgment of the Appellate Division should be reversed, and the judgment of the Trial Term modified by granting a new trial, and as modified affirmed, with costs in all courts to abide the event.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.