[No. 3462.   Aug. 8, 1930.]

In re CHAVEZ'S ESTATE.

COLLEGE OF THE CHRISTIAN BROTHERS OF NEW MEXICO v. BISHOP.

[290 Pac. 1020.]

E. R. Wright and Roberts & Brice all of Santa Fe, for appellant.

Gilbert & Hamilton, of Santa Fe, for appellee.

OPINION OF THE COURT

WATSON, J.

The judgment appealed from allowed the claim of the college for $7,405, the balance of cost of erection of a

building, the total cost of which the decedent had during his life promised to pay, and more than $70,000 of which total cost he had paid before his decease.

The trial court found that the decedent agreed in writing to pay toward the cost of said building, the plans of which had been previously prepared, between $50,000 and $65,-000; that later, in consideration of a promise to name the building "Miguel Chavez Memorial," the decedent orally promised to pay the entire cost, whatever it might be; that still later, when the bids were opened, decedent further orally promised that if the college would erect the building in accordance with the plans and specifications, with no modifications except those decedent might approve, and would name it "Miguel Chavez Memorial," he would pay the entire cost; that the college, in reliance upon the agreement, entered into the construction contract, erected the building without modification of plans or specifications except as decedent consented thereto, and named the building as it had agreed.

The single proposition which appellant is here in a position to urge is that the decedent's promise lacks consideration and is unenforceable.

Referring to annotations "Consideration for subscription agreements," 38 A. L. R. 868, and to 37 Cyc. 486, appellant admits, as a proposition of law, that "generally, where work has been done, or where expenditure has been made on the faith or promise of a subscription contract, this is a sufficient consideration." He illustrates it thus:

"If, for example, A promises to give to a charitable corporation money for a building and relying upon the promise they proceed and erect the building, A would be liable upon such promise."

His effort is to show that the present case is not in its facts within the rule.

The contention is that the record shows that the building would have been erected irrespective of decedent's written or subsequent promises to pay all or any part of it; that it had already been decided to name it as a memorial to decedent and he so understood, before his later promises;

and that there is no evidence that decedent exacted, as a condition of his final promise that the building should be constructed according to the plans and specifications then before him and without change unless agreed to by him. Therefore, it is urged, there is no warrant for saying that the college erected a building, and made an expenditure which it would not otherwise have made, in reliance upon his promise, or that it named it differently than it otherwise would or forbore to make changes in plan, because of the subsequent promises.

Appellant's contentions as to the facts are not without support in the record. We do not think, however, that they reach the heart of the matter, impeach the findings in any material respect, or affect the judgment.

We assume for present purposes that no new considerations were introduced into the agreement by the later promises. Still those promises seem to modify and extend the original promise from one to pay a limited amount toward construction to one to pay the whole cost.

We will assume, also, that this particular building would have been erected if decedent had never interested himself in it. The plans had been prepared and approved. The cost had been estimated at about $70,000 with expectation of meeting it through a loan of $50,000 and "some collections." But the matter does not end here. It appears in evidence that, after obtaining decedent's promise, the resources thus relied upon for the erection of the building in question were diverted to the erection of a gymnasium, a separate building. So, it seems to us that Brother August was justified in testifying that the memorial building was erected "on the promise he (decedent) made," and the court justified in finding that it was erected "in reliance upon" the agreement.

As Prof. Williston points out, it is not easy to support the binding character of such promise as this under the principles either of contract or of estoppel. Contracts, § 116. But if we accept the practically uniform conclusions of modern American decisions, adhered to by appellant himself, that a promise to pay for a building becomes

binding when accepted and acted upon by erecting it, we cannot doubt that the present case is within the rule. It might be more accurate, in point of fact, to say that the gymnasium was erected by the college in reliance upon decedent's promise to pay for the erection of the memorial building. But that would be none the less a consideration, if so viewed, or an estoppel, if that theory be preferred.

We find no error in the judgment. It will be affirmed, and the cause remanded. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., not participating.