AGATHA OKONIEWSKI PINE, Respondent, v. MELCHIOR V. OKONIEW-SKI, Appellant.

Fourth Department, March 15, 1939.

*John S. Allan,* for the appellant.

*Nathan S. Silverberg* [*Samuel E. Chasin* of counsel; *Milford F. Henkel* with him on the brief], for the respondent.

TAYLOR, J. Defendant appeals from an order denying his motion to dismiss the complaint upon the ground that plaintiff's cause of action is barred by the Statute of Limitations.

Plaintiff alleges in her complaint that defendant made, executed and delivered to her his promissory note for a valuable consideration; that she is now the owner and holder thereof and, although duly demanded, no part thereof has been paid, and that there is now due and owing to her from defendant the sum of $1,500.

Defendant's motion to dismiss the complaint was made under subdivision 6 of rule 107 of the Rules of Civil Practice and was heard upon the summons, complaint and defendant's affidavit wherein he averred that he was served with the summons and complaint on August 11, 1938; that he was graduated from the University of Buffalo in June, 1931; that his note became due and payable upon his graduation; that plaintiff's action was not commenced within six years after its date of accrual and that it became outlawed under, and by virtue of, section 48 of the Civil Practice Act. Plaintiff served no answering affidavit. A copy of the note, as set out in the complaint, reads:

" *July* 13, 1929, BUFFALO, N. Y.

" I, Melchon [Melchior] Vincent Okoniewski, promise to pay to Agatha Okoniewski, the sum of $1500.00, after I have had finished my school, *i. e.,* University of Buffalo.

" No promise, word, or any legal proceedings shall unbind me from that promise.

" (Signed)     MELCHON V. OKONIEWSKI."

The record does not disclose the ground upon which defendant's motion was denied. If — as defendant contends — the court denied the motion upon the theory that the provision " No promise, word, or any legal proceedings shall unbind me from that promise," was intended as a waiver of the Statute of Limitations, the ruling could not be sustained upon that theory. An agreement to waive the Statute of Limitations at the inception of liability contravenes public policy and is unenforcible. (*Shapley* v. *Abbott,* 42 N. Y. 443, 452; *Crocker* v. *Ireland,* 235 App. Div. 760, 761; *Watertown National Bank* v. *Bagley,* 134 id. 831, 834.)

Respondent advances but one theory to support the order — she contends that the promise to pay " after I have had finished my school, *i. e.*, University of Buffalo," indicates that the parties intended that payment was not to become due until the expiration of a reasonable time after appellant was graduated and that such time should be determined by a jury, upon proof of the situation of the parties and the attendant circumstances. A proper construction of the instrument does not support this contention.

The meaning of the word " after " depends upon the context and subject-matter of the instrument in which it is used.

" The employment of such words as ' when,' ' after ' or ' as soon as ' clearly indicates that a promise is not to be performed except upon a condition." (*Amies* v. *Wesnofske*, 255 N. Y. 156, 161.)

A note or instrument for the payment of money only, which is made payable upon the happening of a contingency or upon the performance of a condition, becomes due and payable as soon as the contingency is fulfilled or the condition performed. (*Hope Mutual Life Ins. Co.* v. *Perkins*, 38 N. Y. 404; *Woodruff* v. *Woodruff*, 52 id. 53, 59; *Kobre* v. *Potruch*, 139 App. Div. 284; *Shaw* v. *Camp*, 160 Ill. 425; 43 N. E. 608; 8 C. J. 411, § 607.) Under this well-established doctrine, appellant's note became due and payable upon his graduation in June, 1931.

While I do not believe that it could properly be held that the note in question is silent as to the time of payment, such a construction — even if permissible — would not aid respondent. Generally, a contract other than one for the payment of money, which is silent as to the time of performance, is, by implication of law, to be performed within a reasonable time, but when no time of payment is specified in a simple contract for the payment of money, it is payable immediately. (*Bradford, Eldred & Cuba R. R. Co.* v. *N. Y., Lake Erie & Western R. R. Co.*, 123 N. Y. 316, 326; *Purdy* v. *Philips*, 11 id. 406. See, also, *First National Bank* v. *Story*, 200 id. 346, 355; *Chester* v. *Jumel*, 125 id. 237, 254; *Herrick* v. *Woolverton*, 41 id. 596; *Sullivan* v. *Corn Exchange Bank*, 154 App. Div. 292, 294.)

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, TAYLOR and DOWLING, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.