NORMAN PETTY AND VIOLET PETTY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 94981. Filed June 14, 1963.

*John P. Dwyer*, for the petitioners.
*Crane C. Hauser*, for the respondent.

FAY, *Judge:* The respondent determined a deficiency in the petitioners' income tax for the year 1958 in the amount of $8,777.47.

The respondent has stipulated that the petitioners are entitled to one of the deductions disallowed in the deficiency notice.

The only issues remaining for decision are whether the petitioners are entitled to a charitable deduction in 1958 for the fair market value of an unsecured negotiable demand note given to a tax-exempt charitable foundation in that year, and if so, what was the fair market value of the note on the date of the gift.

### FINDINGS OF FACT

All of the evidentiary facts are stipulated and are found as stipulated.

The petitioners are husband and wife who reside in Clovis, N. Mex. Both are engaged in musical entertainment and the recording profession and derive income from record royalties and musical contracts. The petitioners filed a joint individual income tax return with the district director of internal revenue, Albuquerque, N. Mex., for the calendar year 1958. The petitioners maintained their books and reported their income for Federal income tax purposes on the cash basis of accounting for the year 1958.

The Norman Petty Foundation was created during 1958. By letter ruling dated May 26, 1961, the Commissioner ruled that contributions to the Norman Petty Foundation were, based upon the information furnished him, deductible by the donor as provided in section 170 of the Internal Revenue Code of 1954. Gifts to the Norman Petty Foundation do qualify for the deduction provided in section 170 of the Internal Revenue Code of 1954.

On December 31, 1958, Norman Petty executed and delivered an unsecured negotiable demand promissory note in the amount of $15,000 to the Norman Petty Foundation. The note bore interest in the amount of 5 percent per annum.

On December 31, 1958, Norman Petty had cash in the bank in the amount of $19,803.89. After receipts and disbursements, in January 1959 he had cash in the bank of $14,605.52. On December 31, 1958, Norman Petty had a net worth of $76,054.82.

The note was paid on April 15, 1959, together with $215 accrued interest.

OPINION

The respondent contends that the petitioner is not entitled to a deduction for the value of the note given to the Foundation. We must agree with the respondent.

Section 170(a)(1) of the Internal Revenue Code of 1954 provides:

SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS.

(a) ALLOWANCE OF DEDUCTION.—

1 GENERAL RULE.—There shall be allowed as a deduction any charitable *contribution* (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate. [Emphasis added.]

Subsection (c) provides: "For purposes of this section, the term 'charitable contribution' means a *contribution or gift* to or for the use of [various types of bodies]—" (Emphasis added).

This case has been argued on brief by both parties largely upon the question of whether the giving of a note constitutes "payment." In our view of the case it is unnecessary for us to reach the question whether the giving of the promissory note constituted payment. The statute requires that to be entitled to a deduction a taxpayer must make a "contribution or gift." The word "contribution" is not defined in the statute, but we think that it is clear that whatever is meant it would at least require some right be relinquished or some obligation incurred by the contributor. See *Shaw et al.* v. *Camp*, 160 Ill. 425, 43 N.E. 608 (1896); *Dougherty* v. *Salt*, 227 N.Y. 200, 125 N.E. 94 (1919). The same requirements would apply to the term "gift." Under the law of New Mexico, a note given without consideration is unenforceable by the recipient unless he acts to his detriment in reliance upon it. *Miller* v. *Preston*, 4 N.M. [Gild.] 396, 17 Pac. 565 (1888). The same factors are considered with respect to a promise made to a charity, *In re Chavez's Estate*, 35 N.M. 130, 290 Pac. 1020 (1930). Therefore, we conclude that in the absence of consideration or action in reliance upon the note the Foundation would not have been able to enforce it against the petitioner. The petitioner has the burden of proof and has not established that consideration was given for the note or that the Foundation took any action in reliance upon it, nor has he shown that the note was ever negotiated to a holder in due course. For these reasons, we do not believe that the giving of the note here can be considered a "contribution or gift." In view of this conclusion, it is unnecessary for us to consider whether the giving of the note constitutes "payment."

Reviewed by the Court.

*Decision will be entered under Rule 50.*

DRENNEN, *J.*, dissents.

Atkins, *J.*, concurring: I concur in the result reached in this case for the reasons set forth hereinafter.

Section 170(a)(1) of the Internal Revenue Code of 1954 provides for the deduction of any charitable contribution payment of which is made within the taxable year. It seems clear from the legislative history of this provision that Congress intended to require actual payment as a prerequisite to the deduction of a charitable contribution.

The general rule has always been that, under the cash method of accounting, there must be actual payment as a prerequisite to a deduction, that is, there must be an outlay of cash or property, and that the giving of a promissory note does not constitute actual payment. See *Eckert* v. *Burnet*, 283 U.S. 140; *Helvering* v. *Price*, 309 U.S. 409; and *Baltimore Dairy Lunch* v. *United States*, (C.A. 8) 231 F. 2d 870. It was the purpose of Congress, in enacting section 23 (o) and (q) of the Revenue Act of 1938 (which first employed the language now appearing in section 170(a)(1) of the 1954 Code), to put accrual method taxpayers in the same position, insofar as deductions for contributions are concerned, as cash method taxpayers, and to require in the case of either type of taxpayer that the contribution be *actually paid*. In H. Rept. No. 1860, 75th Cong., 3d Sess., p. 19, it was stated:

Under the various revenue acts the deduction for contributions is allowed for the taxable year in which the contribution is made. Hence, a taxpayer on an accrual basis of accounting may claim that he is entitled to a deduction for the amount of a charitable pledge in one year, although he does not actually pay it until a later year, or indefinitely postpones payment. The doubt and confusion in such cases is aggravated by reason of the uncertainty and diversity in the law of the various States on the question as to when the liability of a subscriber to a charitable fund is fully incurred. In the interest of certainty in the administration of the revenue laws, it is desirable to dispel this confusion by enacting a clear and uniform statutory rule to govern this situation.

The bill provides that the deduction for contributions or gifts for charitable and other purposes shall be allowed only for the taxable year in which the contribution is *actually paid* regardless of whether the taxpayer is reporting income on the cash or the accrual basis. The allowance of the deduction in the year when *actually paid* will provide a clearer rule without hardship to the taxpayer and will eliminate the uncertainty in the administration of the deduction. * * * [Emphasis supplied.]

Thus, it is clear that Congress intended that in no case should the time of deductibility of a contribution depend upon the time that the liability for payment might be fully incurred under the law of a particular State. The income tax regulations since the passage of the Revenue Act of 1938 have consistently required that a charitable contribution be *actually paid* as a prerequisite to a deduction, regardless of the taxpayer's method of accounting. Sec. 19(o)–1, Regs. 103, and sec. 1.170–1(a), Income Tax Regs.

Here the petitioner did not make actual payment in the taxable year in question. Although the promissory note which he gave in the year in question was a demand promissory note, it nevertheless was merely a promise to pay, as distinguished from actual payment. The giving of the note was not the equivalent of the giving of a check, the latter being an order to pay and hence considered payment as distinguished from a promise to pay. See *Estate of Modie J. Spiegel*, 12 T.C. 524.

Accordingly, it seems to me that the petitioner cannot be considered as having made payment of a contribution within the taxable year in question, within the meaning of this statute, and therefore is not entitled to the claimed deduction.

OPPER, RAUM, BRUCE, TRAIN, DAWSON, and HOYT, *JJ*., agree with this concurring opinion.