■ NATHAN H. RICHMAN, Appellant, v EPHRAIM J. KAUFFMAN, Respondent.—Appeal from an order of the Supreme Court, entered November 25, 1974 in Albany County, which granted defendant's motion to dismiss plaintiff's complaint, and from the judgment entered thereon. In 1972 plaintiff

instituted an action against defendant on the latter's promissory note which has been dismissed by the trial court because it was not commenced within the applicable six-year period of limitations. The note in question was apparently issued to plaintiff on August 10, 1957 and recites defendant's promise to pay him a certain sum of money "on demand, after Rena Synder is paid in full". Although plaintiff alleged that this term was met, the record is devoid of any information elaborating upon the quoted passage or, more importantly, specifying when it was fulfilled. Nevertheless, it is obvious that the parties never intended that defendant's obligation to make payment would arise immediately upon execution and delivery of the note, but that it would be deferred until some later time. The apparent nonnegotiability of this instrument does not disturb the validity of its terms or affect the time when a cause of action might have accrued thereon in plaintiff's favor. Since defendant has not shown that the condition was defective and thereby advanced the time for payment to the date of issuance or that the specified event took place more than six years prior to the commencement of this action, it was error for the trial court to dismiss plaintiff's complaint on the present posture of this record (cf. *Pine v Okoniewski,* 256 App Div 519). Order and judgment reversed, on the law, with costs, and complaint reinstated. Herlihy, P. J., Greenblott, Kane, Larkin and Reynolds, JJ., concur.