SHELDON B. GUREN AND CYNTHIA M. GUREN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7981-74.    Filed April 19, 1976.

*Robert L. Merritt,* for the petitioners.
*Robert N. Armen, Jr.,* for the respondent.

QUEALY, *Judge:* The respondent determined a deficiency of $14,955 in petitioners' Federal income tax for the taxable year 1971. The sole question for decision is whether a contribution to United Jewish Appeal, Inc., in the form of a demand promissory note constitutes "payment" within the meaning of section 170(a)(1),[1] thereby entitling petitioner to a deduction of a charitable contribution for the amount of the note in the taxable year 1971.

---

## FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

The petitioners are husband and wife whose residence at the time the petition herein was filed was Pepper Pike, Ohio. The income tax return of the petitioners for the calendar year 1971 was timely filed with the Internal Revenue Service Center, Cincinnati, Ohio. At all times material, petitioners maintained their books and records and reported income and expenses for Federal income tax purposes on the cash method of accounting.

On December 1, 1971, Sheldon B. Guren (hereinafter referred to as petitioner) executed a pledge in the stated sum of $25,000 to the 1972 Jewish Welfare Fund Appeal. The following printed language appears on the face of the pledge card:

In consideration of the gifts of others for the commitments of the Jewish Welfare Fund of Cleveland, I agree on behalf of myself and related persons and entities to pay herewith, or in equal installments on the first day of June, August, October and December, 1972.

On the reverse side of the pledge card appears the following handwritten notation:

15,000 firm—10,000 contingent. This pledge is conditional: Its final determination will depend upon the solution of certain personal problems—probably in April or May 1972.

On December 30, 1971, the petitioner executed in Cleveland, Ohio, a non-interest-bearing cognovit negotiable promissory note in the sum of $25,000, payable on demand to United Jewish Appeal, Inc., or its order, and delivered said promissory note to the United Jewish Appeal, Inc., on or before December 31, 1971. The promissory note was issued in respect of the petitioner's pledge to the 1972 Jewish Welfare Fund Appeal. With respect to this transaction, the United Jewish Appeal, Inc., and the 1972 Jewish Welfare Fund Appeal may be considered the same entity.

Mr. Herbert Rosenstein, comptroller of United Jewish Appeal, Inc., sent a letter to the petitioner dated December 31, 1971, acknowledging receipt by the United Jewish Appeal, Inc., of the petitioner's payment of $25,000.

At all times material, petitioner was a person of substantial net worth and had the financial ability to fully satisfy on demand the promissory note. On December 31, 1971, the petitioner had a

balance of $142,241.18 in his personal checking account at Central National Bank of Cleveland, Ohio. There was no basis of which the petitioner was aware which would have precluded him from paying the promissory note in full upon request.

Petitioner issued his personal checks to the order of the United Jewish Appeal, Inc., in payment of the note, on the dates and in the amounts set forth below:

| Date | Amount |
|------|--------|
| June 1, 1972 | $7,500 |
| June 13, 1972 | 4,000 |
| Aug. 18, 1972 | 2,000 |
| Oct. 2, 1972 | 11,500 |
| Total | 25,000 |

In a letter dated October 2, 1972, accompanying the check for $11,500, petitioner stated:

Enclosed herewith please find my check in the amount of $11,500.00.

This check represents full payment of my 1971 note to the UJA. Please return my note marked "paid in full."

In reply, by letter dated October 9, 1972, the United Jewish Appeal stated:

Your check in the amount of $11,500.00, representing final payment on your 1971 Note to the United Jewish Appeal, was received by our office.

I am acknowledging your remittance * * *. I am further returning your Note marked "Paid in Full."

Please be assured that Cleveland will be advised of this remittance and your account will be credited accordingly.

In his income tax return for the taxable year 1971, petitioner claimed as a charitable deduction the $25,000 note at face value. Respondent disallowed the deduction on the ground that the contribution had not been paid during the taxable year.

### OPINION

On December 1, 1971, petitioner executed a conditional pledge to the 1972 Jewish Welfare Fund Appeal in the amount of $25,000. Pursuant thereto, petitioner obligated himself to pay the amount pledged in equal installments on the first day of June, August, October, and December 1972. Of the total amount pledged, it was noted that the sum of $10,000 was "contingent" and "conditional * * * upon the solution of certain personal problems—probably in April or May 1972."

On December 30, 1971, petitioner executed a non-interest-bearing cognovit demand promissory note in the amount of $25,000 pursuant to his pledge. Thereafter, the amount was paid without interest: $7,500 on June 1, 1972; $4,000 on June 13, 1972; $2,000 on August 18, 1972; and $11,500 on October 2, 1972. The petitioner seeks to deduct the amount of the pledge, which was ultimately paid in 1972, as a charitable contribution to the United Jewish Appeal for the taxable year 1971.

Section 170(a)(1) provides for the deduction of a charitable contribution "payment of which is made within the taxable year." Petitioner argues that the delivery of the demand note constituted "payment" within the taxable year 1971. Respondent contends that the term "payment" as used in section 170(a)(1) in the case of a monetary obligation means payment in cash, or under certain conditions by check; that the delivery to the charity by a maker of his note, whether cognovit, secured or otherwise, does not constitute the "payment" of the pledge.

The same question was presented to this Court in *Norman Petty,* 40 T.C. 521 (1963). In a concurring opinion in that case, Judge Atkins, joined by six other judges, stated:

> The general rule has always been that, under the cash method of accounting, there must be actual payment as a prerequisite to a deduction, that is, there must be an outlay of cash or property, and that the giving of a promissory note does not constitute actual payment. See *Eckert v. Burnet,* 283 U.S. 140; *Helvering v. Price,* 309 U.S. 409; and *Baltimore Dairy Lunch v. United States,* (C.A. 8) 231 F.2d 870. It was the purpose of Congress, in enacting section 23 (o) and (q) of the Revenue Act of 1938 (which first employed the language now appearing in section 170(a)(1) of the 1954 Code), to put accrual method taxpayers in the same position, insofar as deductions for contributions are concerned, as cash method taxpayers, and to require in the case of either type of taxpayer that the contribution be *actually paid.* * * * [Emphasis in original.]

It is the opinion of this Court that the term "payment," when dealing with monetary terms, must be taken to mean what it says. While a promissory note may constitute "property" once it leaves the hands of its maker, it does not constitute the "payment" of a contribution as between the maker and the payee. This view has been adhered to by the Tax Court in the application of section 404(a) despite reversal by the Third, Ninth, and Tenth Circuits, *Wasatch Chemical Co. v. Commissioner,* 313 F.2d 843 (10th Cir. 1963), revg. 37 T.C. 817 (1962); *Time Oil Co. v. Commissioner,* 258 F.2d 237 (9th Cir. 1958), revg. 26 T.C. 1061 (1956); *Sachs v. Commissioner,* 208 F.2d 313 (3d Cir.

1953), revg. *Slaymaker Lock Co.,* 18 T.C. 1001 (1952). On this issue, the Tax Court was recently upheld by the Seventh Circuit in *Don E. Williams Co. v. Commissioner,* 527 F.2d 649 (7th Cir. 1975), affg. 62 T.C. 166 (1974).

*Decision will be entered for the respondent.*