■ NATHAN H. RICHMAN, Respondent, v EPHRAIM J. KAUFFMAN, Appellant.—Appeal from an amended judgment of the Supreme Court, entered November 5, 1975 in Albany County, upon a jury verdict rendered at a Trial Term, in favor of plaintiff. On October 30, 1972, plaintiff commenced this action against defendant, his brother-in-law, to recover $5,000 on a promissory note. This note which was dated August 10, 1957 was "for expenses incurred by Nathan Richman" and provided that defendant would pay plaintiff $5,000 "on demand after Rena Snyder is paid in full". Initially, defendant raised the Statute of Limitations as an affirmative defense. The trial court dismissed the complaint on the basis of plaintiff's failure to institute the action within six years but this court reversed and reinstated the complaint because defendant had failed to demonstrate either that the above-quoted condition antecedent to payment was defective or that it had been fulfilled more than six years prior to the commencement of the action (*Richman v Kauffman,* 48 AD2d 988). Accordingly, the case proceeded to trial where two central factual issues developed, to wit: whether the condition antecedent to payment occurred in February of 1958 as maintained by defendant or on April 29, 1970 as maintained by plaintiff and whether a general release, admittedly given by plaintiff to defendant, covered the $5,000 note at issue or related solely to an earlier note for $10,000. The jury resolved both of these issues in favor of plaintiff and awarded him a verdict in the amount of $5,000. On this appeal, defendant contends that the action is barred by the release and that the verdict is against the weight of the credible evidence. We disagree. Although release is an affirmative defense (CPLR 3018, subd [b]) defendant never introduced the release in question here or any evidence as to its contents; the jury was therefore left with the contrary assertions of the parties concerning whether or not the release covered the $5,000 note. As to when the condition antecedent to payment was fulfilled, plaintiff's contention that the date was April 29, 1970 is amply supported by documentary evidence. Thus, on both of these central issues, questions of fact and credibility were presented to the jury, and we cannot say that its resolution thereof is contrary to the weight of the evidence. Defendant's remaining contention that the trial court improperly limited the cross-examination of plaintiff is likewise without merit. In attempting to establish plaintiff's motive for bringing this suit and to attack his credibility

by showing his hostility to defendant, defense counsel was permitted to question plaintiff concerning his marital difficulties with defendant's sister and as to whether he commenced this and other actions to harass his wife and members of her family. The court, however, refused to permit specific questions as to actions which plaintiff had instituted against his wife. Plaintiff's motive is irrelevant in this action on a promissory note which defendant admittedly signed, and the questioning which the trial court in its discretion permitted amply demonstrated the animosity between the parties. Judgment affirmed, with costs. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.