Wachtler, J.
(dissenting). No teacher should be required to waive tenure rights as a condition of employment. Any "agreement” signed by an applicant for public employment, including a teacher, which purports to waive, in advance, rights which the Legislature has conferred on all public employees should be unenforceable as against public policy.
An agreement to waive tenure rights as part of the original *500 employment contract cannot be upheld by analogy to cases involving settlements. In those cases the court must reconcile the policy underlying the statute with the "competing public policy favoring the nonjudicial resolution of legal claims” (Matter of Abramovich v Board of Educ., 46 NY2d 450, 455). In addition the "waiver serves as the quid pro quo for countervailing benefits” (Matter of Abramovich v Board of Educ., supra, at p 455). Here, however, there is no policy competing with the policy underlying the tenure laws. The "agreement” made at the time of hire did not settle an existing dispute, nor did it simply and reasonably provide for a substitute forum in the event of future disputes. It served only as a complete surrender of rights conferred by the Legislature. The petitioner, in fact, received nothing in exchange — except public employment without the tenure rights granted others similarly employed.
The law has always distinguished between waivers made in the course of litigation and those included in the original contract or obligation, if the rights sought to be waived are based on public policy. When the original contract also includes a complete waiver of rights conferred by statute, there is a greater likelihood that it "was the result of ignorance, improvidence, an unequal bargaining position or was simply unintended” (Kassner & Co. v City of New York, 46 NY2d 544, 551). Thus it is a long-standin'g principle of general application that a party cannot "in advance, make a valid promise that a statute founded in public policy shall be inoperative” (Shapley v Abbott, 42 NY 443, 452; Wood Co. v Horgan, 291 NY 422, 426; Kassner & Co. v City of New York, supra; Crocker v Ireland, 235 App Div 760; Pine v Okoniewski, 256 App Div 519). There can be no doubt that this principle should apply to the terms of public employment. Indeed the Legislature has expressly provided that no public official may require a candidate for employment to waive any civil service rights (Civil Service Law, § 96).
The majority, of course, has not cited any authority which would permit the hiring of a public employee on condition that he or she waives tenure rights. It is doubtful that any court has upheld the practice since the adoption of the modern statutes governing civil service. It is no longer accepted that public employees may be terminated at the will of those who appointed them. The modern statutes, conferring rights and benefits on public employees, represent a legislative deter *501 mination that uniformity and equality in the classification and retention of public employees is essential to insure competent public service (see, e.g., People ex rel. Callahan v Board of Educ., 174 NY 169).
Thus there is no reason why officials who are charged with hiring public employees should be permitted to demand waivers, or insist that they accept employment on terms other than those provided by the Legislature. Today’s decision permitting the hiring of classless, rightless public employees, who are once again subject completely to the whim of hiring officials, subverts the legislative policy underlying the civil service statutes and leaves the law in this important area of public service in disarray.
Significantly the school district does not make such a drastic argument. It does not" claim that it could demand that petitioner waive her tenure rights as a condition of employment or that the employment letter should be so construed. It argues that she was not appointed to a tenure-bearing position and that the employment letter therefore correctly reflects her status.
This contention, however, is erroneous (Matter of Board of Educ. v Nyquist, 45 NY2d 975). On this and the other issues concerning the petitioner’s probationary status, tenure area, and qualifications now before us, the Appellate Division was correct. But the court erred in concluding that the petitioner was only entitled to 60 days’ pay. Although that is all she would have been entitled to if she had been terminated upon the recommendation of the superintendent and the board (Education Law, § 3031), that is not what happened in this case. Here it is conceded that the petitioner was discharged solely because her position had been abolished. Under those circumstances we have held that a probationary teacher has seniority rights over other probationary teachers in the tenure area (Matter of Lezette v Board of Educ., 35 NY2d 272). Since the school district retained two probationary teachers with less seniority than petitioner within the tenure area, she is entitled to reinstatement with back pay, less amounts earned from other employment during the period in issue (Matter of Lezette v Board of Educ., supra, at pp 282, 283). The order of the Appellate Division should be modified accordingly.
Judges Jones, Fuchsberg and Meyer concur with Judge Jasen; Judge Wachtler dissents and votes to modify in favor *502 of petitioner in a separate opinion in which Chief Judge Cooke and Judge Gabrielli concur.
Order modified, with costs to Board of Cooperative Educational Services of Nassau County, in accordance with the opinion herein and, as so modified, affirmed.