■ LEIGH R. ISAACS, Appellant, v WESTCHESTER WOOD WORKS, INC., Respondent. [718 NYS2d 338] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about June 13, 2000, which denied petitioner home owner's application for a stay of arbitration demanded by respondent home renovation contractor, and dismissed the petition, unanimously affirmed, with costs.

One provision of the parties' contract states that they were to arbitrate "[c]laims, disputes and other matters in question between [them] arising out of or relating to this Contract * * * unless [they] agree otherwise in writing"; another provision states that "[t]he parties consent to the exclusive jurisdiction of the courts of the State of New York in any and all actions and proceedings arising under this Agreement."

The express provision in the parties' agreement to arbitrate disputes was not negated by an additional clause in the agreement vesting the courts of this State with exclusive jurisdiction in all actions and proceedings, particularly where there was no express denial of the agreement to arbitrate. The purpose of the exclusive jurisdiction provision was simply to fix "the required venue of applications to compel arbitration or confirm or reject arbitration awards." There is a strong policy favoring arbitration (*see, Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 49-50). Moreover, the *ejusdem generis* principle of contract interpretation here gives precedence to the specific clause for arbitration rather than the general clause for the exclusive jurisdiction of the courts; and also the principle that conflicting contract provisions should be harmonized, if reasonably possible, so as not to leave any provision without force and effect applies as well (*see*, 22 NY Jur 2d, Contracts, §§ 252-253). Concur—Tom, J. P., Ellerin, Rubin, Saxe and Buckley, JJ.