■ CF NOTES, LLC, Respondent, v IRVIN GOLDMAN, Appellant. [8 NYS3d 564]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered November 5, 2014, which denied defendant's motion to dismiss the complaint as time-barred, unanimously affirmed, with costs.

In this action to recover on a promissory note made by defendant in favor of plaintiff CF Notes, LLC, an affiliate of defendant's then-employer, Cantor Fitzgerald & Co., the first paragraph of the note provides that defendant unconditionally promises to pay the monies loaned to him "on such date as Payee may demand." The second paragraph, however, identifies certain contingencies, including defendant "ceas[ing] to be employed by" Cantor Fitzgerald, that would render the note automatically due and payable "without notice or demand." The motion court properly harmonized these conflicting provisions "so as not to leave any provision without force and effect" (*Isaacs v Westchester Wood Works*, 278 AD2d 184, 185 [1st Dept 2000]) in finding that the note is a "demand note" that converted to a contingent note upon the happening of one of the enumerated events listed in the second paragraph. Thus, as the motion court determined, defendant's note was payable

upon his resignation from Cantor Fitzgerald on October 22, 2007, and it was on this date that the statute of limitations began to run (*see DDS Partners v Celenza*, 6 AD3d 347, 348 [1st Dept 2004]; *Pine v Okoniewski*, 256 App Div 519, 521 [4th Dept 1939]). Accordingly, the complaint was timely filed on October 21, 2013—one day prior to the expiration of the six year statute of limitations (*see* CPLR 213 [2]). Concur—Tom, J.P., Friedman, DeGrasse and Richter, JJ.