HSBC Bank USA v Merrill Lynch Mtge. Lending, Inc. (2019 NY Slip Op 06567)





HSBC Bank USA v Merrill Lynch Mtge. Lending, Inc.


2019 NY Slip Op 06567


Decided on September 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 17, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9524 652793/16

[*1]HSBC Bank USA, etc., Plaintiff-Respondent-Appellant,
v
Merrill Lynch Mortgage Lending, Inc., et al., Defendants-Appellants-Respondents.


O'Melveny & Myers LLP, New York (Pamela A. Miller of counsel), for appellants-respondents.
McKool Smith, P.C., New York (David R. Dehoney and Robert W. Scheef of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered June 6, 2018, which, to the extent appealed from as limited by the briefs, granted in part and denied in part defendants' motions to dismiss plaintiff's claims for failure to give notice of non-conforming loans, unanimously modified, on the law, to deny the part of the motion seeking to dismiss the claims based on untimely notices of breach, and otherwise affirmed, without costs.
This Court has discretion to consider defendants' arguments under the Pooling and Servicing Agreement (PSA) § 2.03(b), although they were first raised in reply on the motion, because they involve questions of law that can be resolved on the existing record (see Facie Libre Assoc. I, LLC v SecondMarket Holdings, Inc., 103 AD3d 565 [1st Dept 2013], lv denied 21 NY3d 866 [2013]).
The motion court correctly found that plaintiff had standing to assert the breach of notice claims. Defendants' reading of PSA § 2.03(a) contradicts the definition of the Assignment and Assumption Recognition Agreement (AARA) set forth in the PSA. Any conflict must be resolved in favor of that definition, which with regard to this term is more specific (see Isaacs v Westchester Wood Works, 278 AD2d 184, 185 [1st Dept 2000]).
Defendants' reading also contradicts the AARA, which should be read together with the PSA (see Ambac Assur. Corp. v EMC Mtge. LLC, 121 AD3d 514, 515 [1st Dept 2014] [various agreements governing residential mortgage-backed securitization are "interlocking"]).
Defendants failed to establish by documentary evidence that the notice obligations were not transferred to defendant Countrywide Home Loans, Inc. and thereafter to defendant Bank of America, N.A., because the transfer agreement is not included in the record.
The court correctly found that the sole remedy provision in § 2.03(a) does not apply to the notice claims asserted here (cf. Ambac Assur. Corp., 121 AD3d at 516). When viewed in the context of all the governing agreements, that provision is limited to breaches of representations and warranties. As the motion court found, defendants' interpretation would drastically limit the rights that actually were assigned to plaintiff.
Contrary to the court's conclusion, claims involving the loans referred to in the untimely breach notices relate back to the claims asserted in the summons with notice. Plaintiff sent two [*2]timely notices; the loans referred to in the other notices arose from the same transactions (see Nomura Home Equity Loan,
Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 133 AD3d 96, 108 [1st Dept 2015], mod on other grounds 30 NY3d 572
[2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 17, 2019
CLERK