Westport Ins. Corp. v HBC US Holdings Inc. (2022 NY Slip Op 03997)

Westport Ins. Corp. v HBC US Holdings Inc.

2022 NY Slip Op 03997

Decided on June 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 21, 2022

Before: Gische, J.P., Friedman, González, Rodriguez, Pitt, JJ. 

Index No. 657017/20 Appeal No. 16169 Case No. 2022-00230 

[*1]Westport Insurance Corporation, Plaintiff-Appellant,
v
HBC US Holdings Inc., Defendant-Respondent.

DLA Piper LLP (US), New York (Aidan M. McCormack of counsel), for appellant.
Godosky & Gentile, P.C., New York (David M. Godosky of counsel), for respondent,

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about January 13, 2022, which granted defendant's motion to compel arbitration, unanimously affirmed, with costs.
The insurance contract at issue includes an arbitration provision. The parties agreed that "[i]f the Insured and the Insurer fail to agree as to the amount of any claim payable hereunder, or the interpretation of this policy, then, on written demand of either, each shall select a competent and disinterested arbitrator and notify the other of the same within 20 days." The contract also contains an endorsement of plaintiff's "miscellaneous revisions." Under that endorsement, the "Applicable Law, Court Jurisdiction" provision is "hereby appended." The provision reads that "[t]he parties irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York, and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction."
Review of the record shows that that "[t]he express provision in the parties' agreement to arbitrate disputes was not negated by an additional clause" under the endorsement page (Isaacs v Westchester Wood Works , 278 AD2d 184, 185 [1st Dept 2000]). Furthermore, the arbitration clause and the exclusive jurisdiction provision can be read in harmony giving each full effect (see id. ; 22 NY Jur 2d, Contracts, §§ 252-253). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 21, 2022