**QUINN et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 9360.

Circuit Court of Appeals, Fifth Circuit.

April 16, 1940.

Rehearing Denied June 11, 1940.

Muckleroy McDonnold, of San Antonio, Tex., for petitioners.

Newton K. Fox and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Irving M. Tullar, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondents.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This petition involves the right of petitioners to deduct, in their 1936 income-tax return, (1) a debt alleged to have been ascertained to be worthless, and charged off during the taxable year, and (2) a payment claimed to have been made for professional services, deductible as an ordinary and necessary business expense.

On the first question, the undisputed facts show that the taxpayer was engaged in buying and selling securities, and that he owned the controlling interest in the Sal-Mar Oil Corporation and in other companies. He kept no account books, and filed his income-tax returns on the cash-receipts-and-disbursements basis. In 1930, he loaned four $1,000 Brazilian bonds to one Parker. When there was a default in payment of interest on these bonds in 1932, he demanded their return, but, as the bonds were then pledged as collateral, Parker

promised to pay Salsbury their value in lieu of returning them. Between 1932 and 1936, numerous attempts to secure either a return of the bonds or payment therefor were made in vain, but no legal steps were taken.

In 1931, Parker acquired 220 shares of stock in the Sal-Mar Oil Corporation, of a value in excess of the sum owed to Salsbury. The taxpayer knew of this, and expected to collect from Parker, either by withholding dividends on the stock, or by garnishment proceedings. He did neither, and, in 1936, Parker disposed of this stock, transferring same by endorsement in blank, and 200 shares of it were eventually purchased by Salsbury from a third party. Realizing then that Parker had disposed of his stock, Salsbury considered the debt worthless, and charged it off on his 1936 income-tax return. The board found against petitioner as to this deduction, holding that the debt was not ascertained to be worthless during the taxable year.

■ The statute under which the taxpayer claims authority for this deduction is Section 23(k) of the Revenue Act of 1936, 26 U.S.C.A.Int.Rev.Acts, page 828, which permits debts ascertained to be worthless and charged off within the taxable year to be deducted. The issue turns upon whether or not the evidence offered sufficiently met the burden of proof imposed upon the taxpayer to establish his right to the deduction. The board held it insufficient, and we concur in that decision. When the commissioner found that the deduction was not proper, this finding was prima facie correct, and cast upon the taxpayer the burden of disproving it by a preponderance of the evidence. Avery v. Commissioner of Internal Revenue, 5 Cir., 22 F.2d 6, 55 A.L.R. 1277.

■ We think the taxpayer failed to prove by substantial .evidence that he had ascertained the debt to be worthless within the meaning of the statute. The word ascertain means to make certain; to find out or learn for a certainty; to free from obscurity or doubt. Hence, to justify a deduction, the taxpayer must have made a reasonable investigation of the facts and have drawn a reasonable inference that the debt was in fact worthless from the information thus obtained.

The only evidence contained in the record upon this point is the showing that the taxpayer, upon learning that his debtor had disposed of his stock in the Sal-Mar Corporation, "considered the debt worthless and charged it off on his 1936 income tax return." There is no evidence to show the financial condition of the debtor in 1936, nor is there evidence of any investigation of his financial condition by the taxpayer. There is not even a showing that the bonds, the loan of which created the obligation, were not subject to levy at the time the deduction was claimed. While we do not doubt that the taxpayer acted in good faith in claiming the deduction, honesty of belief is not sufficient where the record is devoid of proof that he made a reasonable conclusion after adequate investigation. Sherman & Bryan v. Blair, 2 Cir., 35 F.2d 713.

■ On the second question, Salsbury owed an accounting firm over $3,000 for services rendered during the years 1934, 1935, and 1936, which was a business expense. On June 8, 1936, he executed and delivered a 90-day note for $3,000 to the firm in full payment, pursuant to an agreement between the taxpayer, the firm, and a Memphis bank whereby the bank agreed to take the note, credit it against the firm's indebtedness at the bank, and correspondingly increase the amount of taxpayer's indebtedness there, he then having collateral up with the bank in excess of his indebtedness to it. This procedure was followed, and thereafter the note was successively renewed, by substitution of new notes payable to the bank, through June 1, 1938. At no time during the taxable year did Salsbury pay any cash with respect to the accounting obligation.

The board also found against petitioner as to this item, holding that the fee alleged to have been paid was not actually paid during the year, but was merely postponed. This involves the right of a taxpayer, making returns on the cash-receipts-and-disbursements basis, to deduct, as a business expense paid during the taxable year, the amount of an obligation discharged by the borrowing of money on a secured note, the note remaining unpaid during the tax year. This issue is controlled by the recent decision of Helvering v. Price, 60 S.Ct. 673, 675, 84 L.Ed. ——, decided by the Supreme Court since the argument of the case before us. In it, the court said:

"As the return was on the cash basis, there could be no deduction in the year 1932, unless the substitution of respondent's

note in that year constituted a payment in cash or its equivalent. There was no cash payment and under the doctrine of the Eckert case [Eckert v. Burnet, 283 U.S. 140, 51 S.Ct. 373, 75 L.Ed. 911] the giving of the taxpayer's own note was not the equivalent of cash to entitle the taxpayer to the deduction.

"Respondent urges that his note was secured, but the collateral was not payment. It was given to secure respondent's promise to pay, and if that promise to pay was not sufficient to warrant the deduction until the promise was made good by actual payment, the giving of security for performance did not transform the promise into the payment required to constitute a deductible loss in the taxable year. See Jenkins v. Bitgood, 2 Cir., 101 F.2d 17, 19."

The decision of the Board of Tax Appeals is affirmed.