**P. G. LAKE, Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 11251.

Circuit Court of Appeals, Fifth Circuit.

April 17, 1945.

Harry C. Weeks, of Fort Worth, Tex., for petitioner.

Helen Goodner, Sewall Key, Newton K. Fox, and Helen R. Carloss, Sp. Asst. to Atty. Gen., Samuel O. Clark Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue and B. D. Daniels, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This is an appeal from a decision of the Tax Court and involves a deficiency in income tax for the calendar year 1939.

The question involved is whether the deduction of accrued interest otherwise allowable by Section 23(b) of the Internal Revenue Code is barred by the provisions of Section 24(c). 26 U.S.C.A.Int.Rev. Code, § 24(c).

The important facts disclose that taxpayer, P. G. Lake, Inc., is a corporation engaged in oil production at Tyler, Texas. The return for the taxable year 1939 was filed on the calendar year accrual basis. P. G. Lake was the president and one of the directors of the taxpayer, and actively in charge, and owned 60 per cent of its stock. The balance was owned by his children or by trusts created by Lake for the benefit of his children. Lake kept his books and made his returns on the calendar year cash receipts and disbursements basis.

In the year 1936 the taxpayer became indebted to Lake in the amount of $1,950,-000 on account of a purchase of stock from him. This indebtedness was evidenced by twenty notes. One in the amount of $50,-000 became due and was paid in 1936. The remaining notes, each in the principal sum of $100,000, were payable serially on January 1 of each year thereafter for nineteen consecutive years, beginning January 1, 1937. Each of the notes bore in-terest at the rate of 3½ per cent per annum, payable on January 1 of each year.

The taxpayer accrued the interest monthly, crediting a ledger account designated "accrued interest payable" with the amount of the accrual, the first day of each month. The amounts credited to this account represented only interest accrued upon the indebtedness owing Lake, and the taxpayer did not accrue interest in favor of any other creditor.

On December 31, 1939 the accrued interest payable account showed a credit balance of $55,844.45. On May 17, 1940, the taxpayer paid Lake by check the amount of $156,000, representing principal in the amount of $100,000 and interest of $56,000. The interest was composed of $55,844.45 accrued to December 31, 1939 plus $155.55 accrued on January 1, 1940. No entry prior to May 17, 1940 reflecting payment of this amount of interest was made on the taxpayer's books. Interest in the amount of $165.31 on account of one day, January 1, 1939, had previously been paid on November 2, 1939.

In its return for the year 1939 the taxpayer deducted interest in the amount of $56,009.76, consisting of $55,844.45, shown as a credit balance in the accrued interest payable account as of the close of the year, and $165.31 paid on November 2, 1939. Lake and his wife filed tax returns for the year 1940 on the community property basis, together reporting the item of $56,000 interest.

Since commencing operations the taxpayer had maintained an open account receivable carried in Lake's name representing loans to Lake for personal reasons. The account was settled periodically, but at irregular intervals, by Lake's payment of the amounts owing. On January 1, 1940 this account showed a balance due from Lake of $670.36. On March 15, 1940 the balance was $32,226.89. By the end of April, 1940 the balance amounted to $55,-672.09, and on May 17, 1940 Lake issued his check to the taxpayer in the amount of $55,815.20, discharging the then existing balance. The accrued interest payable account and the personal account in the name of Lake were kept separately and the balances were never offset against each other.

As president of the taxpayer, Lake was authorized to draw checks on its bank account and disburse funds for any proper

purpose. No countersignatures were required. On January 1, 1940 the taxpayer had on deposit a cash balance of $346,-348.16. The lowest cash balance between that date and May 17, 1940 was $306,548.05. Except for the indebtedness due Lake, there were no commitments against this balance.

The taxpayer contends that while there was not an actual payment in cash of the accrued interest, nevertheless there was a constructive payment by taxpayer, or a constructive receipt by Lake of the interest due within the prescribed period. For taxpayer to come within the legislative grace granted by Congress and to claim and secure the deduction, it must bring its case within the terms of the statute as written. White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; Deputy v. duPont, 308 U.S. 488, 493, 60 S.Ct. 363, 366, 84 L.Ed. 416; New Colonial Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348.

Where, as here, the definite word "paid" is used in the statute we are not permitted by the theory of fiction to give to that word an indefinite meaning as taxpayer would have us do by ingrafting on the statute the word "constructively." Massachusetts Mutual Life Ins. Co. v. United States, 288 U.S. 269, 270, 275, 53 S.Ct. 337, 77 L.Ed 739. The ordinary and usual meaning of "paid" is to liquidate a liability in cash. Helvering v. Price, 309 U.S. 409, 413, 60 S.Ct. 673, 84 L.Ed. 836; Eckert v. Burnet, 283 U.S. 140, 141, 142, 51 S.Ct. 373, 75 L.Ed. 911; Quinn v. Commissioner of Internal Revenue, 5 Cir., 111 F.2d 372.

Before taxpayer may claim and receive a deduction, it must come within the provision of Section 24(c) of the Internal Revenue Code, which is as follows:

"Sec. 24. Items not deductible * * *

"(c) Unpaid expenses and interest. In computing net income no deduction shall be allowed under section 23(a), relating to expenses incurred, or under section 23(b), relating to interest accrued—

"(1) If such expenses or interest are not paid within the taxable year, or within two and one-half months after the close thereof; and

"(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

"(3) If, at the close of the taxable year of the taxpayer or at any time within two and one-half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24(b)."

"Sec. 24(b) Losses from sales or exchanges of property

"(1) Losses disallowed. In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly—

\* \* \* \* \*

"(B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual."

The history of the amendment to the Internal Revenue Code, being Section 24(c), shows that this was an amendment to prevent tax avoidance and tax evasion. Report of Joint Committee on Tax Evasion and Avoidance, H. Doc. No. 337, 75th Con., 1st Session, and H. Rep. No. 1546, 75th Con., 1st Session, Cumulative Bulletin 704 at 724-725.

The interest here in question was not paid within the taxable year nor within two and one half months after the close of taxpayer's taxable year. Such interest is not includible in the creditor's gross income for the taxable year in which or with which the taxable year of the taxpayer ends; and it is without dispute that P. G. Lake owned 60 per cent of the stock of the taxpayer and was president of the taxpayer corporation, which brings him squarely within the inhibition of Section 24(b) (1) (B).

We find no reversible error in the ruling of the Tax Court, and its judgment is affirmed.