McDUFF TURNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7086. Promulgated December 17, 1945.

*L. W. Perrin, Esq.*, for the petitioner.
*Bernard D. Hathcock, Esq.*, for the respondent.

**OPINION.**

ARUNDELL, *Judge*: This proceeding poses the question of whether the bonus payments made by petitioner to his daughters are to be disallowed as business expense deductions in the taxable year. The respondent disallowed the deductions by reason of section 24 (c) of the Internal Revenue Code.[1] That statute operates to preclude

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

\* \* \* \* \* \* \*

(c) UNPAID EXPENSES AND INTEREST.—In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued—

(1) If such expenses or interest are not paid within the taxable year or within two and one half months after the close thereof; and

(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such

deduction for accrued business expenses where the three conditions to its application coexist. *Michael Flynn Mfg. Co.*, 3 T. C. 932, and cases cited therein.

The bonuses in question were not paid within the taxable year or within two and one-half months after the close thereof. Since both Martha Beth and Nita, the payees, reported their income on a cash basis, the amounts of the bonuses in question were not, unless paid, includible in their gross income for the taxable year in which or with which the taxable year of petitioner ended. The payees were petitioner's daughters and are persons between whom losses would be disallowed under section 24 (b). Hence, in its literal application it is apparent that the statute prohibits the allowance of the claimed. deductions.

The petitioner, while conceding that conditions (1) and (3) of the statute apply here, contends that condition (2) is not applicable by reason of the fact that the payments were constructively received by the daughters in the taxable year and that the daughters were compelled to and did report said income for the calendar year 1941. It is pointed out that Hamish Turner, who was participating in the bonuses under the same agreement, made withdrawals against the bonus from time to time during 1941 and that petitioner's daughters enjoyed the same privilege, although neither of them took advantage of it.

We think the petitioner may not prevail. The facts and circumstances herein do not lend themselves to the concept of constructive receipt. The bonuses in question were not credited on the petitioner's books in favor of the daughters, nor were the amounts otherwise made available to them, within the taxable year or within two and one-half months thereafter. The credits were included on the books only upon the completion of the audit of petitioner's books on or about May 15, 1942. Moreover, until the audit was completed the amount of the bonuses to be paid was not ascertained. Under the agreement the bonuses were not due until after the end of the taxable year and only then could the profits of the business be computed.

During the taxable year there was no affirmative action on the part of petitioner or on the part of his daughters which can serve as a basis for constructive receipt of the money by the daughters. Neither of the daughters was authorized to withdraw against the

---

person for the taxable year in which or with which the taxable year of the taxpayer ends ; and

(3) If, at the close of the taxable year of the taxpayer or at any time within two and one half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b).

bonus under any circumstances. The money was not available to them by the mere taking at any time prior to the completion of the audit. Though it may be, as the petitioner now says, that they could have drawn the money at any time they had need for it or asked for it, that, with nothing more, may not be construed as placing the payees in the position of having constructively received their money.

The situation herein is quite different from that in *Michael Flynn Mfg. Co.*, *supra*. There the salaries were actually accrued on the corporation's books during the taxable period in favor of the Flynn brothers, and those individuals had access to the cash by the mere taking. The instant proceeding is more comparable to *P. G. Lake*, 4 T. C. 1; affd., 148 Fed. (2d) 898; certiorari denied, 326 U. S. 732. In that case the amounts of interest involved were not credited to the account of the proposed payee and were not payable in the taxable year. In the case at hand, the bonuses were not credited to the payees' accounts until May 1942, and, while they might have been payable during the taxable year had the correct amount thereof been timely ascertained, the fact remains that they were not so paid or credited.

In passing, it may not be amiss to point out that it was not until the daughters actually received their bonus payments on or about September 12, 1942, that they regarded the bonuses as representing taxable income to them and only at that time did they file amended returns including the amounts thereof as income for 1941.

The question relating to the amount of deduction for South Carolina state income tax may be settled on the basis of our disposition above and, in accordance with the agreement of the parties, will be taken care of under a Rule 50 computation. It is so ordered.

*Decision will be entered under Rule 50.*