**EUGENE ASHE ELECTRIC CO. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 11330.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 12, 1946.

H. C. Wade, of Fort Worth, Tex., for petitioner.

Harold C. Wilkenfeld, Robert N. Anderson, and Louise Foster, Sp. Assts. to the Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before McCORD, WALLER, and LEE, Circuit Judges.

McCORD, Circuit Judge.

This appeal involves income and excess profits taxes of the Eugene Ashe Electric Company for the year 1940.

The important facts are these: The taxpayer is a Texas corporation engaged in the electrical contracting business. In 1940 the corporation's capital stock consisted of 250 shares, of which the president, Eugene Ashe, owned 190 shares. On March 20, 1940, the directors of the corporation voted to Ashe a salary of $15,000 for the year 1940, and he was paid the sum of $2,600 during that year; the balance of $12,400 was entered as a credit to his personal account on the books

of the company. No payment of this balance was made during the two and one-half month period following the close of the year 1940.

A statement of the taxpayer's account in the First National Bank of Fort Worth, Texas, disclosed a balance of $11,489.70 on February 21, 1941, and a balance of $5,255.70 on March 15, 1941. The taxpayer also had established credit with the bank in the amount of $100,000 during the years 1940 and 1941. Only $25,000 was drawn against this amount prior to January 1, 1941, and no further withdrawals were made during the following two and one-half months.

The balance sheet of the corporation showed a surplus of $25,654.88 as of January 1, 1941, and cash in the bank of $4,267.29.

The taxpayer filed its return on the accrual basis, and Ashe filed his return on the cash receipts basis. For the year in question Ashe did not report the $12,400 as income in his original return, but after having the facts called to his attention by a revenue agent and after talking the matter over with his accountant, he filed an amended return on December 27, 1941, in which the additional amount was reported. The evidence is without dispute that Ashe could have drawn checks on the account of the company without the signature of anyone else.

In reaching its determination that the salary of the president of the corporation was not a deductible business expense, the Tax Court found that the surplus account did not represent the true financial condition of the corporation, since certain hotel bonds were carried on the books at $10,000, whereas such bonds were admittedly worthless in 1935, and it further found that the corporation made it a practice to carry worthless accounts and notes on the books at face value.

The corporation may not escape the penalty of the statute by claiming constructive payment when in fact no payment had been actually made. For the taxpayer to come within the legislative grace granted by the Congress and to claim and secure the deduction, it must bring its case within the terms of the statute as written. Section 24 (c), Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 24 (c); Helvering v. Price, 309 U.S. 409, 60 S.Ct. 673, 84 L.Ed. 836; Massachusetts Mutual Life Ins. Co. v. United States, 288 U.S. 269, 270, 275, 53 S.Ct. 337, 77 L.Ed. 739; Eckert v. Burnet, 283 U.S. 140, 141, 51 S.Ct. 373, 75 L.Ed. 911; White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; Deputy v. DuPont, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348; P. G. Lake v. Commissioner, 5 Cir., 148 F.2d 898; Quinn v. Commissioner, 5 Cir., 111 F.2d 372; Hart v. Commissioner, 1 Cir., 54 F.2d 848.

The decision of the Tax Court is

Affirmed.