L. R. AND LULU McKEE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28650.    Promulgated June 12, 1952.

*Carl H. Lambach, Esq.*, for the petitioners.
*Marvin E. Hagen, Esq.*, for the respondent.

514

## OPINION.

BLACK, *Judge:* The single question presented here is whether respondent erred in disallowing deductions under section 24 (c) of the Code of additional compensation payable to petitioners' two sons. The applicable statute provides:

SEC. 24.   ITEMS NOT DEDUCTIBLE

\*        \*        \*        \*        \*        \*        \*

(c) UNPAID EXPENSES AND INTEREST.—In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued—

(1) If such expenses or interest are not paid within the taxable year or within two and one half months after the close thereof; and

(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

(3) If, at the close of the taxable year of the taxpayer or at any time within two and one half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b).

It is well established that all three conditions set forth in section 24 (c) of the Code must coexist to prevent the deductions. *Akron Welding & Spring Co.*, 10 T. C. 715; *Michael Flynn Manufacturing Co.*, 3 T. C. 932, 936. The relationship of father and sons satisfies condition 24 (c) (3), which is conceded by petitioner.

Petitioner argues that condition 24 (c) (1) is not met because of constructive payment. The salaries were not paid by petitioner within two and one-half months after the close of the taxable years involved here in cash, notes, or in any other form whatsoever. Constructive payment does not constitute payment under section 24 (c) (1). *P. G. Lake, Inc.*, 4 T. C. 1, affd. 148 F. 2d 898, certiorari denied 326 U. S. 732; *Ashe Electric Co.* v. *Commissioner*, 153 F. 2d 295, affirming a Memorandum Opinion of this Court, August 11, 1944; *Granberg Equipment, Inc.*, 11 T. C. 704, 717. Petitioner relies on *Musselman Hub-Brake Co.* v. *Commissioner*, 139 F. 2d 65, reversing on this point a Memorandum Opinion of this Court, November 10, 1942, which we distinguish because there the creditor received demand promissory notes which were worth their face value and constituted payment. We hold that condition 24 (c) (1) is present here.

Petitioner argues that condition 24 (c) (2) is not met because the additional compensation was "includible in the gross income" of his sons, even though the sons were on the cash basis, under the theory of constructive receipt. For purposes of section 24 (c) (2), sums are includible in the gross income of a cash basis taxpayer if the doctrine of constructive receipt is applicable. *Ohio Battery & Ignition Co.*, 5 T. C. 283; *Michael Flynn Manufacturing Co., supra.*

In this case the additional salaries were not accrued on petitioner's books during the taxable years in which he claimed deductions. The additional salary due each son was computed annually, after making an allowance for paying petitioner's percentage of annual profit plus petitioner's income tax. The sons were not entitled to the additional salaries until the end of the respective calendar years. The salaries were computed and placed on the books between January 15 and 20 of each subsequent year. Both petitioner and his sons filed their re-

turns on the calendar year basis. Petitioner contends that the book entries plus the sons' unrestricted right and ability to obtain cash constitute constructive receipt.

The above facts place the instant case within the ambit of *McDuff Turner*, 5 T. C. 1261, which held that condition 24 (c) (2) is applicable as follows:

* * * The credits were included on the books only upon the completion of the audit of petitioner's books on or about May 15, 1942. Moreover, until the audit was completed the amount of the bonuses to be paid was not ascertained. Under the agreement the bonuses were not due until after the end of the taxable year and only then could the profits of the business be computed.

During the taxable year there was no affirmative action on the part of petitioner or on the part of his daughters which can serve as a basis for constructive receipt of the money by the daughters. Neither of the daughters was authorized to withdraw against the bonus under any circumstances. The money was not available to them by the mere taking at any time prior to the completion of the audit. Though it may be, as the petitioner now says, that they could have drawn the money at any time they had need for it or asked for it, that, with nothing more, may not be construed as placing the payees in the position of having constructively received their money.

Section 24 (c) (2) provides expressly that to allow the salary deduction, the salaries must be includible in the sons' incomes "for the taxable year in which or with which the taxable year of the taxpayer ends."

In both the instant case and *McDuff Turner, supra,* the taxpayer's adult children had been employed for several years and were entitled to receive stipulated percentages of the net profit. Similarly sufficient funds were available, in either cash or potential credit, to pay those bonuses. In both cases, the credits to the children were recorded on the books as of December 31 of the taxable year. Had the children requested the additional salaries in advance in *McDuff Turner*, they could have received advances. In the instant case petitioner's son Harry could have written checks and petitioner's son Clifford could authorize checks drawn to him, after the credits were on the books. However, we do not think that these latter circumstances would serve to distinguish the instant case from *McDuff Turner, supra.*

We hold that the additional salary expense is not includible in the gross income of the sons for the taxable year in which or with which the respective taxable year of petitioner ends. Therefore, condition 24 (c) (2) is also satisfied and the contested salary deductions are not allowed.

Reviewed by the Court.

*Decision will be entered for the respondent.*