Samuel W. MARSHALL, Jr.,
Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

Frances McClellan MARSHALL,
Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 16073.

United States Court of Appeals
Fifth Circuit.

Jan. 16, 1957.

Rehearing Denied April 22, 1957.

Julius H. Runge, Dallas, Tex., for petitioners.

Elmer J. Kelsey, Atty. Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Carolyn R. Just, Attys., John Potts Barnes, Chief Counsel Internal Revenue Service, Vernon F. Weekley, Sp. Atty., Washington, D. C., for respondent.

Before CAMERON, JONES and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

Samuel W. Marshall, Jr., and his wife, Frances M. Marshall, petitioned for a review of a decision of the Tax Court sustaining the Commissioner in disallowing income tax deductions for the years 1947 through 1950 to the extent claimed by petitioners.[1] Marshall and his wife claimed a net loss carry-over from 1947 to 1949 under § 122(b) (2) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 122(b) (2). The Commissioner denied this deduction on the basis that the 1947 loss was not as great as Taxpayers alleged and that it was absorbed in connection with the 1948 income, which was greater than was stated. Portions of claimed subsistence expense for the years 1948 through 1950 were disallowed by the Commissioner and aircraft expense for 1949 and 1950 was reduced. Our only question here is whether petitioners have sustained the burden of overcoming the presumed correctness of the Commissioner's findings with respect to these items.

[1]. Petitioners filed separate income tax returns on a community property basis for the years 1947, 1949, and 1950, and a joint return for 1948.

The facts, as partially stipulated and as found by the Court, are as follows: petitioners owned a residence in Dallas in which Frances and their two daughters lived at all times material hereto and in which Samuel resided while he was in Dallas. They also maintained an apartment in Washington, D. C. The principal business of Marshall during this period was that of a consulting engineer. He maintained offices in Washington and Dallas through April, 1948, when he closed his Dallas office and moved most of his equipment and records to Washington. During the years in question Marshall's major business enterprise was carried on from Washington where he was in the process of endeavoring to collect money due him for work that he had performed for the Navy.

Marshall owned and operated an aircraft in his business during the years in question. He made numerous trips to Dallas during these years where his family was residing and where he attended to a small amount of business pertaining to rental property owned there and the financing of a loan through a Dallas bank.

The Commissioner allowed expense deductions of $12,424.87 for 1947 out of $15,143.31 claimed, and allowed $12,396.22 as depreciation expense of aircraft out of $14,961.91 eventually claimed for that year. Petitioner admitted, that for the year 1947, his original expense connected with the aircraft was overstated in the sum of approximately $8,000.00, which he attributed to too great a depreciation on the aircraft. A deduction for the claim of piano lessons for Frances Marshall was disallowed by the Commissioner for the years 1949 and 1950. No appeal was taken from this disallowance.

In 1948, petitioners expended $8,189.29 on a building project in Dallas which was abandoned that year for cause. They claimed a $7,680.29 loss, of which the Commissioner allowed $5,680.29. Petitioners continued to own the lot, the foundation, some fencing and structural steel, all of which was used in 1950 in the construction of another building.

Petitioners claimed deductions of $7,322.16 in the years 1948 through 1950 for subsistence expense in connection with the maintenance of the Washington office and aircraft expense of $4,476.22 for the years 1949 and 1950. The Commissioner disallowed all the amounts claimed as subsistence expense and $3,357.16 of the aircraft expense, on the ground that the amounts disallowed were personal expenses. The Court upheld the Commissioner's ruling under Commissioner of Internal Revenue v. Flowers, 1945, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203, and Hammond v. Commissioner, 5 Cir., 1954, 213 F.2d 43. It also sustained the remaining findings of the Commissioner, expressing the opinion generally that the evidence did not warrant a finding that petitioners were entitled to larger deductions than those allowed, or a finding that the evidence as a whole established that the loss claimed on the abandoned building exceeded the amount allowed by the Commissioner.

Petitioners contend that the deductions should have been allowed to the extent claimed. They argue that, by reason of the withholding of payments due on Marshall's Navy contract, he was compelled to go to Washington to protect his financial interest and that, while there, he and his employees should be allowed subsistence expense. The argument further asserts that the aircraft expense should have been allowed to the extent claimed as it was necessary to go to and from Dallas to protect real estate interests there, and that the abandonment loss claimed in connection with the 1948 building project should have been allowed as the salvage value was worth only approximately $500.00.

 In advancing these contentions petitioners rely almost exclusively upon the uncorroborated testimony of Marshall, no books of account or supporting papers being offered in evidence. The proof adduced was confusing, contra-

dictory and, on the whole, unconvincing. It is settled that the burden is upon the taxpayer to overcome the findings of the Commissioner, which are presumed to be correct. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; Majestic Securities Corp. v. Commissioner, 8 Cir., 1941, 120 F.2d 12; Quinn v. Commissioner, 5 Cir., 1940, 111 F.2d 372; Burka v. Commissioner, 4 Cir., 179 F.2d 483. Upon this state of the record we cannot say that the finding of the Tax Court that petitioners had failed to establish their contentions by substantial competent evidence was clearly erroneous. It was incumbent upon petitioners to introduce convincing evidence upon which the Tax Court could fairly and accurately determine any additional allowable deductions.[2] This they failed to do.

■ Finally, petitioners contend that a rehearing should have been granted because of the many mistakes in the record and, further, in order that they might introduce newly discovered evidence. As to the record, the parties entered into a stipulation of approximately twenty pages which presumably covered all deficiencies and inaccuracies in the transcript which were thought to be important. The Tax Court was of the opinion that, even though the reporting was poorly done, fairness had been achieved and the result would not have been different had the transcript been perfect. It was further of the opinion that the evidence did not establish that the new evidence sought to be introduced was of much importance and felt that there was not sufficient showing that it could not have been made available by the exercise of due diligence. We do not feel that the Tax Court abused its discretion in refusing a rehearing. The case is one typically involving disputed facts, and the evidence presented fails to convince us that the conclusions of the Tax Court were erroneous. The petition for review is

Denied.

2. Cf. Card v. Commissioner, 8 Cir., 1954, 216 F.2d 93; Maverick-Clarke Litho Co. v. Commissioner, 5 Cir., 1950, 180 F.2d 587; and Rule 52(a) Fed.Rules Civ.Proc. 28 U.S.C.A.