WASATCH CHEMICAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87543. Filed January 24, 1962.

*A.M. Ferro, Esq.*, for the petitioner.
*Edward H. Boyle, Esq.*, for the respondent.

OPINION.

FAY, *Judge:* The Commissioner determined deficiencies in petitioner's income tax for the taxable years 1954, 1955, and 1956 in the amounts of $19,999.75, $21,534.64, and $19,085.54, respectively. At the hearing of this case the petitioner conceded the deficiency for the year 1954, thereby leaving for our consideration only the years 1955 and 1956. The basic issue to be decided is whether the petitioner is entitled to deductions for contributions allegedly paid to its employees' profit-sharing pension trust in 1955 and 1956.

All of the facts have been stipulated, are so found, and are incorporated herein by reference. Those necessary to an understanding of our inquiry are recited below.

The petitioner, a Utah corporation, is engaged primarily in manufacturing and distributing insecticides, fungicides, and other chemical products. It maintains its books and records and files its Federal income tax returns in accordance with the accrual method of accounting on a calendar year basis. Petitioner's Federal income tax returns (Form 1120) for the years 1955 and 1956 were filed with the district director of internal revenue, Salt Lake City, Utah.

In the latter part of 1953, petitioner considered the adoption of a profit-sharing plan for the benefit of its employees. A profit-sharing pension plan was ultimately adopted on May 12, 1954, although it was to be effective as of December 31, 1953.

Article IV of the plan, entitled "Employer Contributions" provided, in part, as follows:

4.1 The amount of the contribution to be made by the Employer under the Plan for each taxable year shall be equal to the lesser of the maximum amount deductible under the first and second sentences of Section 23(p)(1)(C) of the Internal Revenue Code or the amount resulting from the application of the "profit-sharing formula" as set forth below:

4.2(a) The Employer shall contribute to the Trust for each taxable year of the Employer commencing with the year 1953 and thereafter during the continuance of this plan 50% of the annual net profits which are in excess of $10,-000.00; provided however, that the contribution of the employer shall not exceed 15% of the Compensation otherwise paid for the year to its Members under this

Plan, plus "carry over" contributions if any. * * * In no event shall the total contributions paid in any one year exceed thirty per cent (30%) of the compensation paid during the year of contribution.

\* \* \* \* \* \* \*

4.4 The Employer may make payment of its contribution for any taxable year on any date or dates it elects, provided only that the total amount of its contribution for any taxable year shall be paid in full on or before sixty (60) days after the end of such taxable year.

4.5 The Employer's contribution for each taxable year shall be paid directly by the Employer to the Committee.

4.6 The Employer's contribution may be paid in the form of money or of other assets such as but not limited to accounts or contracts receivable, merchandise or contractual obligations.

On February 27, 1956, the petitioner made its contribution for 1955 by delivering to the trust its promissory note in the amount of $41,-412.77. The note was unsecured, bore interest at the rate of 6 percent per annum, and was to mature on February 27, 1961. The note was actually discharged on December 8, 1958.

On March 1, 1957, the petitioner made its contribution for 1956 by delivering to the trust its promissory note in the amount of $36,-702.93. This note was also unsecured, bore interest at the rate of 6 percent per annum, and was to mature on March 1, 1962. This note was discharged on December 8, 1958.

In filing its Federal corporation income tax returns for the taxable years 1955 and 1956 petitioner claimed deductions for contributions to its profit-sharing pension plan in the amounts of $41,412.77 and $36,702.93, respectively. The Commissioner disallowed the deductions on the ground that the contributions were not "paid" within the meaning of section 404[1] by the delivery of petitioner's unsecured 5-year promissory notes.

Several decisions of this Court and of the Courts of Appeals have previously considered the interpretation of the word "paid" as used in section 23(p)[2] of the Internal Revenue Code of 1939, the predecessor

---

[1] SEC. 404. DEDUCTION FOR CONTRIBUTIONS OF AN EMPLOYER TO AN EMPLOYEES' TRUST OR ANNUITY PLAN AND COMPENSATION UNDER A DEFERRED-PAYMENT PLAN.

(a) GENERAL RULE.—If contributions are paid by an employer to or under a stock bonus, pension, profit-sharing, or annuity plan, or if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation, such contributions or compensation shall not be deductible under section 162 (relating to trade or business expenses) or section 212 (relating to expenses for the production of income); but, if they satisfy the conditions of either of such sections, they shall be deductible under this section, subject, however, to the following limitations as to the amounts deductible in any year:

(1) PENSION TRUSTS.—In the taxable year when paid, if the contributions are paid into a pension trust, and if such taxable year ends within or with a taxable year of the trust for which the trust is exempt under section 501(a), in an amount determined as follows: * * *

[2] Section 23(p) of the Internal Revenue Code of 1939 also provided that the deductions for contributions by an employer to an employees' trust, profit-sharing, or annuity plan, etc., could only be deducted "in the taxable year when paid."

to section 404. *Logan Engineering Co.*, 12 T.C. 860 (1949); *Slaymaker Lock Co.*, 18 T.C. 1001 (1952), reversed sub nom. *Sachs* v. *Commissioner*, 208 F. 2d 313 (C.A. 3, 1953); *Time Oil Co.*, 26 T.C. 1061 (1956), reversed and remanded 258 F. 2d 237 (C.A. 9, 1958). The decisions of this Court in the *Slaymaker Lock Co.* and *Time Oil Co.* cases, holding that the delivery of a demand promissory note did not constitute a payment within the meaning of the statute were reversed by the Third and Ninth Circuits, respectively. Inasmuch as the question in the instant case involves whether or not a contribution is paid by the delivery of a term promissory note and not a demand promissory note, it is the opinion of this Court that the *Slaymaker Lock Co.* and *Time Oil Co.* cases, are distinguishable from the case at hand.

In *Logan Engineering Co.*, *supra*, the question was whether or not contributions were "paid" within the meaning of section 23(p) of the 1939 Code by the delivery of the employer's short-term and demand notes.[3] We held there that the delivery of promissory notes did not constitute payment within the meaning of section 23(p). However, since the opinion of this Court in that case did not expressly differentiate between the two types of notes involved, we have also considered the *Logan Engineering Co.* case to be distinguishable, in part, from the instant case.

By way of introduction, we must assume that the use of the definite word "paid" by itself and uncoupled with "accrued" or "incurred" in referring to the time when contributions were deductible under section 404 was not inadvertent on the part of Congress. Such being the case, it is evident that Congress intended to place cash and accrual basis taxpayers on an equal footing with respect to contributions to employees' trusts and thereby to require that only contributions actually paid could be deducted under section 404. *Logan Engineering Co.*, *supra*.

Thus, in essence, the critical question in this case is whether or not the delivery of petitioner's 5-year promissory notes to the trustee of the employees' profit-sharing pension fund constituted the actual payment of a contribution.

The act of payment for tax purposes, and generally, may be accomplished by the transfer of funds directly or by check. It is to be noted that recognition of the latter as a form of payment by this Court was based upon practical rather than theoretical considerations, which were motivated by the universal acceptance of such an instrument for the transfer of funds. *Estate of Modie J. Spiegel*, 12 T.C. 524 (1949). Furthermore, this Court has held that the contribution

---

[3] Of the 36 promissory notes delivered by the employer during the 4 taxable years involved, four notes were demand notes, with the remainder having various maturity dates after issuance of between 1 and 12 months.

to a pension trust could be paid in property and still be deductible. *Colorado National Bank of Denver*, 30 T.C. 933, 935 (1958).

Turning to the case at hand, we do not believe that a 5-year promissory note possesses sufficient characteristic similarity to a check to warrant its receiving equivalent recognition as a form of payment by this Court. A check is payable on demand, at a bank, and is the common method of paying bills in this country. In contrast, the notes in question are payable 5 years after date, are dependent upon the future solvency of the maker, and are predominately used as credit instruments rather than as instruments of payment. We therefore conclude that the delivery of a 5-year promissory note is not the equivalent of a payment by check and that a contribution is not "paid" within the meaning of section 404 by the delivery of such an instrument to the trustee. Decisions of this Court involving the construction of the word "paid" under section 24(c) of the 1939 Code and holding that the delivery and acceptance of term promissory notes constitute a payment are not considered controlling in cases involving section 404 due to the differing concepts of the two sections.[4] *Logan Engineering Co., supra.*

Finally, we do not agree with petitioner that the transfer of its own promissory notes constituted a payment in property. In order for there to have been a transfer of property, the thing transferred must have been such while in possession of the transferor. *Slaymaker Lock Co., supra.* A promissory note has no legal existence as a negotiable instrument prior to its delivery. 7 Am.Jur., Bills and Notes, sec. 32, p. 807. *City of New Port Richey* v. *Fidelity & Deposit Co.*, 105 F. 2d 348 (C.A. 5, 1939). "A note in the hands of its maker before delivery is not property, nor the subject of ownership, as such." *Burson* v. *Huntington*, 21 Mich. 415 (1870), 4 Am.Rep. 497; *Salley* v. *Terrill*, 95 Me. 553, 50 Atl. 896 (1901).

Accordingly, it is the opinion of this Court that the petitioner is not entitled to deductions in 1955 and 1956 for amounts purportedly contributed to its employees' pension trust, since the contributions were not paid within the meaning of section 404 of the Internal Revenue Code of 1954. This conclusion makes it unnecessary to consider respondent's alternative argument that the trust was not a qualified trust within the meaning of section 401 of the Internal Revenue Code of 1954.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

[4] Section 404 is one which grants a deduction, whereas section 24(c) of the 1939 Code purports to limit a deduction already granted.