PATMON, YOUNG & KIRK PROFESSIONAL CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patmon, Young & Kirk Professional Corp. v. Commissioner
Docket No. 9196-73.
United States Tax Court
T.C. Memo 1975-185; 1975 Tax Ct. Memo LEXIS 188; 34 T.C.M. (CCH) 798; T.C.M. (RIA) 750185; June 12, 1975, Filed Stanley R. Kirk (an officer), for the petitioner. James E. Keeton, Jr., for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: The Commissioner determined a deficiency of $549.91 in petitioner's Federal income tax for the taxable year ended October 31, 1970. The sole question for decision is whether petitioner's contribution in the form of a demand promissory note to its employees profit-sharing trust meets the "paid" requirement of section 404(a), Internal Revenue Code of 1954[1], thus entitling petitioner to a deduction for the full amount of the note in the taxable year the note was issued. *189 This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The facts which we deem necessary for decision will be referred to below. Petitioner, a cash basis taxpayer, is a corporation organized under the laws of the State of Michigan with its principal office in Detroit, Michigan. Its return for the taxable year ended October 31, 1970, was filed with the Internal Revenue Service Center in Cincinnati, Ohio. The officers of Patmon, Young & Kirk Professional Corporation are Frederick A. Patmon, Hallison H. Young, and Stanley R. Kirk. Each owns a third of the common stock. On December 2, 1969, the officers sitting as the board of directors adopted the Patmon, Young & KirkProfessional Corporation Employees Profit-Sharing Plan and Trust and appointed Frederick Patmon, W. J. Bronson and Clarence B. Tucker trustees. On October 30, 1970, the board of directors authorized a contribution to the profit-sharing plan in the form of a promissory note in the amount of $2,400, and on the same day, the officers executed a guaranty agreement guaranteeing the payment of the promissory note. When the corporation filed its income tax return for the year ended *190 October 31, 1970, it claimed a $2,400 deduction for profit-sharing. As of the date of trial no part of the principal of the promissory note had been paid by the petitioner to the profit-sharing plan although interest on the note was paid by the petitioner to the profit-sharing plan on October 20, 1972. The Commissioner, in his statutory notice of deficiency, disallowed the deduction claimed on the grounds that the note did not meet the "paid" requirement of section 404(a). Petitioner contends that its promissory note falls within the language of section 404(a) which states "If contributions are paid by an employer * * * they shall be deductible under this section" [emphasis supplied]. The Commissioner contends that the note does not represent payment for the purposes of section 404(a) because it was not actually paid within the taxable year at issue. In Don E. Williams Co.,62 T.C. 166, 172 (1974), on appeal (7th Cir., Aug. 12, 1974), we held despite reversals by the Third, Ninth and Tenth Circuits in Slaymaker Lock Co.,18 T.C. 1001 (1952), reversed sub nom. Sachs v. Commissioner,208 F.2d 313 (3rd Cir. 1953); *191 Time Oil Co.,26 T.C. 1061 (1956), revd. 258 F.2d 237 (9th Cir. 1958); and Wasatch Chemical Co.,37 T.C. 817 (1962), revd. 313 F.2d 843 (10th Cir. 1963), that the requirement of "payment" of section 404(a) "is not satisfied by delivery of promissory notes of the employer seeking the deduction for the contribution to the pension or profit-sharing plan." We are bound by this decision to hold that petitioner may not deduct the sum represented by the promissory note. This is not a case for the application of the rule in Jack E. Golsen,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. den. 404 U.S. 940 (1971). It will be appealable to the Sixth Circuit Court of Appeals which has not yet decided the issue. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.↩