**DON E. WILLIAMS COMPANY, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 74–1812.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 25, 1975.

Decided Dec. 16, 1975.

Marvin L. Schrager, E. Moline, Ill., for petitioner-appellant.

Scott P. Crampton, Asst. Atty. Gen., Richard M. Roberts, Atty., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before FAIRCHILD, Chief Judge, and CUMMINGS and SPRECHER, Circuit Judges.

FAIRCHILD, Chief Judge.

Don E. Williams Company appeals from a decision of the Tax Court. The parties stipulated to the facts, set forth in the Tax Court opinion, 62 T.C. 166 (1974). The Tax Court sustained the Commissioner's disallowance of income tax deductions claimed pursuant to § 404(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 404(a), for contributions to a qualified employee profit-sharing plan.

The issue is whether an accrual taxpayer's delivery of its secured promissory note to the trustees of the plan constitutes "payment" within the meaning of § 404(a)(6).

After § 404(a)(3) authorizes deduction of contributions paid by an employer to a profit-sharing plan, within limitations

as to amount, "In the taxable year when paid," § 404(a)(6) provides:

(6) *Taxpayers on accrual basis.*—For purposes of paragraphs (1), (2), and (3), a taxpayer on the accrual basis shall be deemed to have made a payment on the last day of the year of accrual if the payment is on account of such taxable year and is made not later than the time prescribed by law for filing the return of such taxable year (including extensions thereof).

Thus, while a cash basis taxpayer must make payment before the close of the taxable year in order to deduct a contribution, an accrual basis taxpayer is given a grace period extending beyond the close of the taxable year.

In the instant case, Williams Company, an accrual basis taxpayer, accrued on its books within the taxable year a liability for a contribution to a qualified employee profit-sharing fund. Within the time allowable for filing a return the company delivered its interest-bearing secured demand note to the trustees of the profit-sharing fund.[1] The note was secured by collateral consisting of stock in the company and the interests of two of the shareholders in the profit-sharing plan. The note was guaranteed by officers of the company. It was stipulated that the value of the collateral, combined with the net worth of one of the guarantors, exceeded the face value of the note.

The Tax Court sustained, with three judges dissenting, the Commissioner's determination that contributions made in the form of a taxpayer's promissory note did not qualify as "payment" under § 404(a)(6). The majority of the court retained a position consistent with its earlier rulings, even in the face of reversals by several Courts of Appeals.[2] We affirm the Tax Court's decision.

The Treasury Regulation interpreting § 404(a) provides in part:

§ 1.404(a)–1 *Contributions of an employer to an employees' trust or annuity plan compensation under a deferred payment plan; general rule.*

\*   \*   \*   \*   \*   \*

(c) Deductions under section 404(a) are generally allowable only for the year in which the contribution or compensation is paid regardless of the fact that the taxpayer may make his returns on the accrual method of accounting . . . .

\*   \*   \*   \*   \*   \*

This latter provision is intended to permit a taxpayer on the accrual method to deduct such accrued contribution or compensation in the year of accrual, *provided payment is actually made* not later than the time prescribed by law for filing the return for the taxable year of accrual (including extensions thereof), but this provision is not applicable unless, during the taxable year on account of which the contribution is made, the taxpayer incurs a liability to make the contribution, the amount of which is accruable under section 461 for such taxable year. See section 461 and the regulations thereunder. . . . (Emphasis added.)

▮ We can see no difference in the way the statute and regulations treat the accrual basis and cash basis taxpayers for purposes of what constitutes "payment" except that the accrual taxpayer may make "payment" during the grace period if the liability to pay was incurred during the taxable year. As we interpret the statute, the grace period for accrual taxpayers does not change the type or nature of "payment" that is

---

1. The Williams Company followed this procedure for the taxable years ending April 30, 1967; 1968; and 1969. The interest rates on the promissory notes were 6 percent, 6 percent and 8 percent, respectively.

2. See *Logan Engineering Co. v. Commissioner,* 12 T.C. 860 (1949); *Slaymaker Lock Co. v. Commissioner,* 18 T.C. 1001 (1952), *reversed sub nom. Sachs v. Commissioner,* 208 F.2d 313 (3rd Cir. 1953); *Time Oil Co. v. Commissioner,* 26 T.C. 1061 (1956), *reversed,* 258 F.2d 237 (9th Cir. 1955); *Wasatch Chemical Co. v. Commissioner,* 37 T.C. 817 (1962), *reversed,* 313 F.2d 893 (10th Cir. 1963).

required. We are unable to justify accepting payment in the form of a promissory note for an accrual taxpayer when it seems clear that it would not be considered payment for the cash basis taxpayer.

The Supreme Court has stated that the issuance of a cash basis taxpayer's promissory note is not the equivalent of payment. In *Eckert v. Burnet*, 283 U.S. 140, 51 S.Ct. 373, 75 L.Ed. 1148 (1931), where it was held that a cash basis taxpayer sustained no loss in the year in which he gave his promissory note, the Court said:

> As happily stated by the Board of Tax Appeals, the petitioner 'merely exchanged his note under which he was primarily liable for the corporation's notes under which he was secondarily liable, without any outlay of cash or property having a cash value.' A deduction may be permissible in the taxable year in which the petitioner pays cash. 283 U.S. at 141, 142, 51 S.Ct. at 374.

In *Helvering v. Price*, 309 U.S. 409, 60 S.Ct. 673, 84 L.Ed. 836 (1940), the Court held that a cash basis taxpayer was not entitled to a loss deduction where the taxpayer substituted his new note for an earlier one in discharge of his guaranty obligation. Relying on *Eckert*, the Court stated:

> We think that this decision [*Eckert*] is controlling in the instant case. As the return was on the cash basis, there could be no deduction in the year 1932, unless the substitution of respondent's note in that year constituted a payment in cash or its equivalent. There was no cash payment and under the doctrine of the *Eckert* case the *giving of the taxpayer's own note was not the equivalent of cash to entitle the taxpayer to the deduction.*

Respondent urges that his note was secured, but the collateral was not payment. It was given to secure respondent's promise to pay, and if that promise to pay was not sufficient to warrant the deduction until the promise was made good by actual payment, the giving of security for performance did not transform the promise into the payment required to constitute a deductible loss in the taxable year. See *Jenkins v. Bitgood* 101 F.2d 17, 19 [2d Cir. 1939], 309 U.S. at 413, 414, 60 S.Ct. at 675. (Emphasis added.)

This court, in *Cleaver v. Commissioner of Internal Revenue*, 158 F.2d 342 (7th Cir. 1946), *cert. denied*, 330 U.S. 849, 67 S.Ct. 1093, 91 L.Ed. 1293, adopted the reasoning in *Eckert* and *Price* in denying a cash basis taxpayer a deduction for interest payments. The taxpayer had merely agreed to pay the interest in the form of a promissory note. "[N]o cash payment had actually been made; and . . ., therefore, the deduction for interest paid was improper." 158 F.2d at 344.

We think the legislative history of § 404(a) supports the conclusion that the payment requirement is not fulfilled by the delivery of a taxpayer's promissory note. The Ways and Means Committee Report on the Revenue Revision Act of 1948 states: "An employer on the accrual basis of accounting may under existing law deduct contributions *actually paid* within the first 60 days of the subsequent year." 80th Cong.Rep.N. 2087, p. 13. (Emphasis added.) We interpret the emphasis on "actually paid" to connote a liquid form of payment and not a promissory note which is in substance only another form of an obligation to pay.[3]

In accord with this interpretation, the Tax Court in *Logan Engineering Co. v. Commissioner*, 12 T.C. 860 (1949) stated that the word "paid" as used in section 23(p), the predecessor of § 404(a), should be given its ordinary and usual meaning: "to liquidate in cash." Similarly, the Fifth Circuit in *P. G. Lake, Inc. v. Com-*

---

**3.** Congress has with some frequency used the phrases "paid or incurred" and "paid or accrued" in those sections of the tax code where a cash or cash equivalent payment is not needed for an accrual basis taxpayer. See, for example, 26 U.S.C. §§ 164(a), 174(a)(1), 163(a), 175(a), 212, 216(a).

*missioner*, 148 F.2d 898 (5th Cir. 1945), stated:

> Where, as here, the definite word 'paid' is used in the statute we are not permitted by the theory of fiction to give to that word an indefinite meaning . . . . The ordinary and usual meaning of 'paid' is to liquidate a liability in cash. . . . 148 F.2d at 900.

Appellant cites cases from those circuits which have reversed the Tax Court on issues similar to the one under consideration. The Third Circuit in *Sachs v. Commissioner of Internal Revenue*, 208 F.2d 313 (3rd Cir. 1953), relying heavily on its prior decision in *Anthony P. Miller, Inc. v. Commissioner*, 164 F.2d 268 (3rd Cir. 1947), held that a solvent taxpayer's negotiable demand note delivered to a qualified pension fund constituted "payment" for purposes of § 404(a). The *Miller* case dealt with the issue of whether a demand promissory note given by a corporation to one of its officers was "payment" of a salary within the meaning of section 24(c)(1), the predecessor of 26 U.S.C. § 267. Besides relying on *Miller*, the court in *Sachs* reasoned that since the demand notes were payable at a bank and since the Commissioner of Internal Revenue had no objection to payments made in the form of a check, it "[could] see no reason why a negotiable demand note payable at a bank is not likewise sufficient." 208 F.2d at 315.

■ To the extent that the *Sachs* decision rests on the reasoning that the demand note was equivalent to a check, it may be distinguishable from the instant case as well as the other cases cited by appellant. Under Pennsylvania law, at issue in the *Sachs* case, the bank at which a note is payable on demand is to pay the note upon presentment out of available funds. Pa.Stat.Ann. Title 12A, § 3–121. Uniform Commercial Code § 3–121, alternative A. However, under Illinois law, as well as in the other jurisdictions cited by appellant, a note that states it is payable at a bank does not itself authorize the bank to make pay-

ment. Ill.Rev.Stat. Ch. 26, § 3–21 (1973), Uniform Commercial Code § 3–121, alternative B.

*Time Oil Company v. Commissioner of Internal Revenue*, 258 F.2d 237 (9th Cir. 1958), (*reversing* 26 T.C. 1061), also cited by appellant, deals with the same question of whether a taxpayer's note is "payment" within the meaning of section 404(a). The court conceded the issue to be a close one, but after reviewing the *Sachs* decision saw no reason to create a conflict among circuits and therefore held that the delivery of the note constituted payment.

The court in *Wasatch v. Commissioner*, 313 F.2d 843 (10th Cir. 1963), (*reversing* 37 T.C. 817), reached a similar conclusion. The issue in that case dealt with notes that had a stated maturity date as opposed to demand notes which were discussed in the *Sachs* and *Time Oil* decisions. The court found no difference in the principles involved between the two types of notes for purposes of section 404(a). The court said:

> Any note has a value at the time of delivery ranging from zero upwards which can be determined. This is the ordinary business consequence of the delivery of a promissory note, this is the value which here changed hands on delivery, and this is the value which was here 'paid' under Section 404 . . . . 313 F.2d at 847.

The appellant also relies on *Advance Construction Co., Inc. v. U. S.*, 356 F.Supp. 1267 (N.D.Ill.1972), a district court case involving a suit for a tax refund. The court held that a taxpayer's term promissory note was a proper form of contribution under § 404(a). The court reasoned that while cash is the "most undisputed manifestation" of payment, there also exists a whole spectrum of possible cash substitutes which could qualify as a "payment." The court said:

> . . . an obligation need not be satisfied in cash or in a form of cash so long as there is a transfer of something that has a current 'cash value'. Hence there are many substitutes for

cash that can be considered as 'payment'. What is primary is not the form of cash payment but rather cash value. 356 F.Supp. at 1271.

The court concluded that a mere promise to pay without any physical evidence of that promise was too intangible to represent a transfer of "current cash value." However, if the promise was evidenced by a promissory note, then the court reasoned it could find "a physical transfer of something of value." 356 F.Supp. at 1271.

We respectfully decline to follow the Third, Ninth, and Tenth Circuit decisions and the district court decision cited by appellant.[4] The interpretation of "payment" as found in the Supreme Court decisions of *Eckert* and *Price* and our own decision in *Cleaver* seems to us to be the more defensible view in light of the legislative history and administrative construction. In view of the persistence of the Commissioner and the Tax Court in the face of several reversals, we do not treat this as a situation in which long standing and consistent interpretations of other circuits have merged into the meaning of the statute.

Practical considerations also favor a narrow construction of the "payment" requirement of § 404(a). Although payment may be made in property other than cash, and evaluation of such property is necessary, an interpretation which excludes the giving of the taxpayer's promissory note will substantially reduce the problem of evaluation for the Commissioner and the courts.[5]

We hold that the "payment" requirement of section 404(a) Internal Revenue Code is not fulfilled by the delivery of an accrual taxpayer's secured interest-bearing demand promissory note. The judgment appealed from is affirmed.

---

4. Because of the conflict, this opinion has been circulated to all judges of this court in regular active service. No judge has requested a vote on the question whether the adoption of the conflicting view should be reheard *en banc*.

5. Although the question presented is one of federal law, our holding is also consistent with the Uniform Commercial Code § 3–802, adopted by Illinois, which provides in part that generally an instrument taken for an underlying obligation suspends the obligation until the instrument is due or, in the case of a demand note, until the note is presented.