EUTECTIC ENGINEERING, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eutectic Engineering, Inc. v. Commissioner
Docket No. 8527-78.
United States Tax Court
T.C. Memo 1982-353; 1982 Tax Ct. Memo LEXIS 395; 44 T.C.M. (CCH) 223; T.C.M. (RIA) 82353; June 22, 1982. *395 Held, petitioner has not established its right to deduct a country club transfer fee it paid. Heldfurther, no deduction is allowed for a note which was delivered to a profit-sharing trust within the statutory time period for making deductible contributions but which was not actually paid within such period. Charles E. Baer, Jr. (an officer), *396 for the petitioner. Richard A. Witkowski, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: The Commissioner determined Federal income tax deficiencies against petitioner of $4,249.73 and $27,683.42 for the taxable years ending February 28, 1974, and February 28, 1975, respectively. Due to concessions, the only remaining issues are (1) whether petitioner was entitled to deduct as an ordinary and necessary business expense, $4,000 paid as a country club transfer fee, and (2) whether petitioner was entitled to deduct as a contribution to a profit-sharing plan the face amount of a note which was delivered to a qualified profit-sharing trust within the grace period in which contributions were allowed for the preceding taxable year but which was not actually paid before the end of the grace period. Some of the facts have been stipulated and are so found. Petitioner Eutectic Engineering, Inc., is a Michigan corporation with its principal office located in Detroit, Michigan, at the time the petition in this case was filed. Country Club Transfer Fee
On its corporate income tax return for the taxable year ending February 28, 1975, promotion *397 and sales expenses of $37,167.52 were claimed. Among these expenses was $4,000 paid to the Birmingham Country Club as a transfer fee. The deduction for the entire $4,000 fee was disallowed by respondent. Respondent contends that the transfer fee is not deductible because it was not paid for business purposes; or, alternatively, if it were paid for business purposes, it secured a benefit of indefinite duration, which cannot be amortized. At trial, petitioner presented no evidence on this issue, and the stipulated facts do not show any business reason for the payment of the transfer fee. Possibly, petitioner paid the transfer fee to acquire membership in the country club. Alternatively, the fee may have been paid to effect a transfer of the membership from one corporate employee to another. It is quite possible that the country club membership was used to solicit business contacts, as is often the case with such memberships. However, this is pure conjecture. We cannot determine why petitioner paid the fee because there are simply no facts whatsoever in the record with respect to this issue. The burden of proof is on petitioner. Rule 142(a), Tax Court Rules of Practice and *398 Procedure; Welch v. Helvering,290 U.S. 111 (1933). Petitioner has completely failed to meet its burden of proof on this issue. Thus, we have no choice but to hold that the payment of the country club transfer fee was not an ordinary and necessary business expense. Moreover, even if petitioner had succeeded in showing that the country club membership served a useful business purpose, it would still not have been entitled to deduct the transfer fee. In the absence of any evidence to the contrary, we must assume that the transfer fee was payable only once and that a membership of indefinite duration was thereby acquired. As such, it is a nondeductible capital expenditure, procuring benefits beyond the taxable year in which it was paid or incurred. Mercantile National Bank at Dallas v. Commissioner,30 T.C. 84, 95 (1958), affd. on another ground 276 F.2d 58 (5th Cir. 1960).
Contribution to Profit-Sharing Plan
On its corporate income tax return for the fiscal year ending February 28, 1975, petitioner claimed a deduction for a contribution to its profit-sharing plan in the amount of $39,412.74. This contribution consisted of a *399 cash payment of $713.79, made on March 5, 1975, and a promissory note for $38,698.95, dated May 1, 1975. The promissory note for $38,698.95 was not paid by the May 15, 1975, due date of the income tax return for the fiscal year ending February 28, 1975, and no extension of time for filing the return was requested or granted. Section 404(a)(3) [1] permits contributions to a qualified profit-sharing plan to be deducted in the taxable year when paid. Section 404(a)(6) modifies this provision somewhat by dictating that a taxpayer shall be deemed to have made a payment on the last day of the preceding taxable year for purposes of section 404(a)(3) if the payment is on account of such taxable year and is paid not later than the time prescribed by law for filing the return for such taxable year, including extensions thereof. Petitioner contends that it was entitled to deduct the face amount of the promissory note because the note was contributed within the grace period provided by section 404(a)(6). Respondent maintains that Don E. Williams Co. v. Commissioner,429 U.S. 569 (1977), *400 affg. 527 F.2d 649 (7th Cir. 1975), affg. 62 T.C. 166 (1974), establishes that the taxpayer can take no deduction because the note was not discharged within the grace period. As in this case, the employer in the Don E. Williams Co. case delivered a promissory note to the trustees of its qualified profit-sharing trust within the grace period provided by section 404(a)(6) but did not discharge the note within that period. Even though the note was fully secured and had an acknowledged value, the Supreme Court found that there was no contribution "paid" for purposes of section 404(a). That section requires an actual payment in cash or its equivalent. A promissory note is not actual payment but a promise to pay. Here, the grace period provided under section 404(a)(6) for the taxable year ending February 28, 1975, extended through May 15, 1975, the due date of the tax return for that year. Although the promissory note for $38,698.95 was given by petitioner to its profit-sharing plan on May 1, 1975, under the reasoning of Don E. Williams Co. no amount was "paid" on account of this promissory note until after the close of the grace period. Hence, *401 the amount of the note cannot be deducted under section 404(a) in the taxable year ending February 28, 1975. [2]
Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended.↩
2. See Stinnett's Pontiac Service, Inc. v. Commissioner,T.C. Memo. 1982-314↩.